IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUANITA BALDERAS, ) | |
| ) | |
|    *Plaintiff,* ) | |
| ) | Case No. 20-cv-01857 |
| v. ) | |
| ) | |
| ILLINOIS CENTRAL RAILROAD ) | JURY TRIAL DEMANDED |
| COMPANY, ERICK CHASKO, ) | |
| and MARCOS SALAMANCA, ) | |
| ) | |
|    *Defendants.* ) | |

**ILLINOIS CENTRAL RAILROAD COMPANY'S
MEMORANDUM OF LAW IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS**

NOW COMES Defendant, Illinois Central Railroad Company ("IC"), by and through its counsel, Johner T. Wilson III and Jessica E. Chang of Dinsmore & Shohl LLP, and respectfully requests that this Honorable Court dismiss, with prejudice, the Fifth Claim for Relief in the Complaint filed by Plaintiff Juanita Balderas ("Plaintiff"), pursuant to Fed. R. Civ P. 12(b)(6), for failure to state a claim upon which relief may be granted. In support thereof, IC states as follows:

**I. INTRODUCTION[1]**

Plaintiff Juanita Balderas ("Plaintiff") began her employment with IC as a Laborer in Woodcrest, Illinois in December 2017. *See Complaint*, Docket #1, ¶14. In 2018, Plaintiff transferred to IC's Kirk Yard located in Gary, Indiana. *Id*.

On October 13, 2018, Plaintiff reported an alleged assault by Defendant Marcos Salamanca ("Mr. Salamanca"). *See Dkt #1*, ¶¶37 and 38. On October 17, 2018, Plaintiff talked

---

[1] For purposes of its Motion to Dismiss only, IC herein accepts the facts as pleaded in Plaintiff's Complaint.

with Manny Salazar regarding the alleged event. *Id.*, ¶40. On December 13, 2018, Plaintiff received a letter from IC stating that the investigation against Mr. Salamanca was completed and that IC was unable to find of any violation of company policy. *Id.*, ¶49

On or around December 28, 2018, Plaintiff filed a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission, and an amended Charge on or around August 7, 2019 against Illinois Central Railroad Company ("IC"). *Id.*, ¶9. In the Charge, Plaintiff alleges that she was discriminated based on her gender (female) in violation of Title VII of the Civil Acts of 1964. *See Id.*, Exhibit A. On December 20, 2019, the EEOC issued a Notice of Right to Sue with respect to Plaintiff's Charges. *Id.*, ¶9.

On March 18, 2020, Plaintiff filed her Complaint alleging five separate claims for relief, including violation of the Illinois Gender Violence Act, 740 ILCS 82, et seq. against Defendants IC and Salamanca (Fifth Claim for Relief).

## II. STANDARD OF REVIEW

A complaint must be dismissed when it fails to state a plausible claim for relief. Fed. R. Civ. P. 12(b)(6); *Ashcroft v. lqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). Plausibility is a two-step test: first, plaintiff's legal conclusions must be disregarded. *Id.* at 1949-50. Second, the court must be able to identify credible facts supporting each element of plaintiff's claims. *Id.; Swanson v. Citibank, NA.,* 614 F.3d 400, 404 (7th Cir. 2010). While the Court must accept all factual allegations pled in the complaint as true, and draw all reasonable inferences in favor of the nonmoving party, the Court need not accept as true unreasonable inferences or conclusory legal allegations in the form of factual allegations. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 444, 127 S. Ct. 1955 (2007).

## III. ARGUMENT

**Plaintiff's Fifth Claim of Relief Fails to State a Cause of Action Because IC is Neither a Person Under the Illinois Gender Violence Act, Nor Did IC Personally Assist or Encourage Violence**

Plaintiff wrongfully alleges in the Fifth Claim of Relief of the Complaint that Defendant, Illinois Central Railroad Company violated the Illinois Gender Violence Act ("IGVA"). Under the IGVA, gender-related violence is recognized as a form of sex discrimination and a person who has been subjected to such gender-related violence may bring a civil action for damages. 740 ILCS 82/10. The IGVA applies to "persons" perpetrating the following acts:

a) one or more acts of violence or physical aggression satisfying the elements of battery under Illinois law that are committed, at least in part, on the basis of a person's sex, whether or not those acts have resulted in criminal charges, prosecution, or conviction; or

b) a physical intrusion or physical invasion of a sexual nature under coercive conditions satisfying the elements of battery under Illinois law, whether or not the act or acts resulted in criminal charges, prosecution, or conviction. 740 ILCS 82/1 et seq. (2004).

A person "perpetrates the violence" either by *personally* committing the violence or by *personally* encouraging or assisting the act or acts of violence. *Id*. (Emphasis Added).

Here, Plaintiff is unable to demonstrate based on the facts alleged in the Complaint, that IC personally committed gender-related violence or personally encouraged or assisted the acts of gender-related violence. Importantly, Illinois courts have expressly held that organizations or corporate entities are **not** considered "persons" for purposes of the IGVA. *See Fuesting v. Uline*, Inc., 30 F. Supp. 3d 739, 742 (N.D. Ill. 2014) ("A statutory analysis . . . demonstrates that the [Gender Violence Act's] cause of action cannot be brought against corporations."); *Doe ex rel. Smith v. Sobeck*, 941 F. Supp. 2d 1018, 1027 (S.D. Ill. 2013) (holding the Gender Violence Act did not apply to corporations); *Flood v. Washington Square Rest., Inc*., Case No. 12 C 5729,

2012 U.S. Dist. LEXIS 180879, 2012 WL 6680345, at *3 (N.D. Ill. Dec. 21, 2012) ("[T]he 'person' who perpetrates gender-related violence under the [Gender Violence Act] cannot be a corporation."); *Fleming v. Fireside West, LLC*, Case No. 12 C 1436, 2012 U.S. Dist. LEXIS 178552, 2012 WL 6604642, *3 (N.D. Ill. Dec. 18, 2012) (holding that the Gender Violence Act "does not impose liability on organizations or corporate entities"); *Fayfar v. CF Mgmt.-IL, LLC*, Case No. 12 C 3013, 2012 U.S. Dist. LEXIS 157940, 2012 WL 6062663, at *2 (N.D. Ill. Nov. 4, 2012) ("[T]he Court does not consider the [Gender Violence Act's] use of the term 'person' to be ambiguous: it refers to individuals, not legal entities."). So, IC is not a "person" as contemplated and defined by the IGVA, and cannot be liable because only a "person" who "personally" engages in or encourages the prohibited behavior may be liable under IGVA. Therefore any claim against IC under the IGVA should be dismissed.

Even if IC qualified as a "person" under the IGVA, which IC vehemently denies, Plaintiff fails to allege any facts that IC *personally* committed, encouraged, or assisted any act or acts of violence. Plaintiff merely offers a threadbare allegation that "IC was informed of this conduct but took no steps to remedy or stop it." *Dkt #1*, ¶ 91. As such, Plaintiff has not demonstrated with any factual content that her IGVA claims against IC are sufficient to allow the Court to draw a reasonable inference that IC is personally liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Without pleading facts showing that it is plausible that IC *personally* encouraged or assisted any inappropriate physical contact, Plaintiff's claim under the IGVA fails.

## IV. CONCLUSION

WHEREFORE, for the reasons stated herein, Defendant Illinois Central Railroad Company prays that this Honorable Court enter an Order granting IC's Fed. R. Civ. P. 12(b)(6)

Partial Motion to Dismiss the Fifth Claim for Relief of Plaintiff's Complaint, with prejudice, and for such other relief as this Honorable Court deems just and appropriate.

Johner T. Wilson III
Jessica E. Chang
DINSMORE & SHOHL LLP
222 West Adams Street, Suite 3400
Chicago, Illinois 60606
T: 312.372.6060
F: 312.372.6085
jt.wilson@dinsmore.com
jessica.chang@dinsmore.com

*Attorneys for*
*Illinois Central Railroad Company*

## **CERTIFICATE OF SERVICE**

I certify that on August 11, 2020, I electronically filed the foregoing using the CM/ECF system, which, consistent with Fed. R. Civ. P. 5, will effect service upon the following counsel of record:

Jamie S. Franklin
The Franklin Law Firm, LLC
53 W. Jackson Blvd., Suite 803
Chicago, IL 60604
jsf@thefranklinlawfirm.com

*Attorney for Plaintiff Juanita Balderas*

/s/ Johner T. Wilson III
Johner T. Wilson III