IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Juanita Balderas,** ) | |
|     **Plaintiff,** ) | |
| ) | No. 20 C 1857 |
| v. ) | |
| ) | Judge Ronald A. Guzmán |
| **Illinois Central Railroad Company,** ) | |
| **Erick Chasko, and Marcos Salamanca,** ) | |
|     **Defendants.** ) | |

**MEMORANDUM OPINION AND ORDER**

    For the reasons stated below, Defendants' motions to dismiss [24, 26] are granted in part and denied in part. The motion to dismiss the count under the Illinois Human Rights Act is granted; it is dismissed without prejudice with leave to replead. The individual defendants' motion to dismiss the employment-discrimination counts against them is denied. Illinois Central Railroad Company's motion to dismiss the Illinois Gender Violence Act count is granted; it is dismissed without prejudice with leave to replead. Any amended complaint shall be filed no more than 14 days from the date of entry of this order.

**STATEMENT**

    Plaintiff sues Illinois Central Railroad Company ("ICRC") and Erick Chasko and Marcos Salamanca for employment discrimination based on sex and disability, and for violation of the Illinois Gender Violence Act ("IGVA"). Defendants move to dismiss certain of Plaintiff's claims, as discussed below.

**Facts**

    Plaintiff, a 41-year-old Hispanic female, worked as a Laborer and Leadman at ICRC. According to Plaintiff, she was harassed and verbally assaulted by several coworkers, and almost physically attacked by one, who had to be restrained by several individuals. Plaintiff asserts that despite reporting these incidents, "[n]one of [her] complaints resulted in any improvement." (Compl., Dkt. # 1, ¶¶ 18-50.) Plaintiff alleges that, instead, her complaints resulted in the denial of several positions she had applied for and her having to take lower-paying assignments. Plaintiff further alleges that after injuring her back while working, she was placed on unpaid medical leave, and despite being approved to return to light-duty work, she has not been accommodated. As of the date of the filing of the complaint, she had not worked for 15 months. Plaintiff alleges five claims for relief: Count I – sex discrimination, sex harassment, and hostile work environment under Title VII; Count II – violation of the Americans with Disabilities Act ("ADA"); Count III – retaliation under Title VII; Count IV – sex discrimination, sex harassment,

and hostile work environment under the Illinois Human Rights Act ("IHRA"); and Count V – violation of the IGVA, 740 ILCS 82/1, *et seq*., against ICRC and Marcos Salamanca.

**Analysis**

Defendants first contend that Plaintiff's IHRA claim must be dismissed for failure to exhaust the appropriate administrative remedies. "'Any party seeking to pursue a civil-rights claim in Illinois must first exhaust administrative remedies available under the [IHRA].'" *Principe v. Vill. of Melrose Park*, No. 20 CV 1545, 2020 WL 4815908, at *4 (N.D. Ill. Aug. 18, 2020) (citation and internal quotation marks omitted). "The complainant may commence a civil action in court only after the IDHR either issues a final report or fails to issue a report within 365 days after the date on which the charge was filed." *Copot v. Stewart Title Guar. Co.*, No. 19 C 6987, 2020 WL 1848204, at *5 (N.D. Ill. Apr. 13, 2020).

Plaintiff acknowledges that she did not receive her right-to-sue letter from the IDHR until after she filed the complaint in this case. Because Plaintiff did not comply with the exhaustion requirements prior to filing her IHRA claim, dismissal without prejudice is warranted. *Principe*, 2020 WL 4815908, at *4.

Next, the individual defendants, Erick Chasko and Marcos Salamanca, contend that the employment-discrimination counts against them must be dismissed because they were not included in the charge filed with the Equal Employment Opportunity Commission ("EEOC"), which was cross-filed with the Illinois Department of Human Rights ("IDHR"). "Ordinarily, a party must be named in an EEOC complaint before a subsequent civil action alleging violations of Title VII can be brought." *Simpson v. Cook Cnty. Sheriff's Off.*, No. 18 C 553, 2018 WL 4361941, at *2 (N.D. Ill. Sept. 13, 2018). "An exception to this requirement, however, exists when the unnamed party has been given adequate notice of the charge under circumstances in which the party had the opportunity to participate in conciliation proceedings." *Id*.

It is true that Plaintiff's EEOC charge did not name Chasko and Salamanca as respondents, but they are named at several points in Plaintiff's lengthy discussion of the facts supporting her charge. Whether Chasko and Salamanca had notice of the charge and an opportunity to participate in conciliation proceedings are not questions that can be answered on the current record. Therefore, Chasko and Salamanco's motion to dismiss on the ground that they were not named as respondents in the charge is denied.

Finally, ICRC moves to dismiss the IGVA count because it is not a "person" and did not personally assist or encourage violence. Pursuant to the IGVA:

> Any person who has been subjected to gender-related violence as defined in Section 5 may bring a civil action for damages, injunctive relief, or other appropriate relief against a *person or persons* perpetrating that gender-related violence. For purposes of this Section, "perpetrating" means either *personally committing the gender-related violence* or *personally encouraging or assisting* the act or acts of gender-related violence.

740 ILCS 82/10 (emphasis added). While it is true that numerous courts in this district have concluded that corporations are not persons for purposes of the IGVA, the Illinois Appellate Court recently held that "under some circumstances, a legal entity, such as a corporation, can act 'personally' for purposes of giving rise to civil liability under the Act." *Gasic v. Marquette Mgmt., Inc.,* 146 N.E.3d 10, 14 (Ill. App. Ct. 2019). According to Plaintiff, ICRC can be liable because it assisted or encouraged violence towards Plaintiff, asserting as follows:

> Plaintiff alleged an assault and battery involving Defendant Salamanca in which he charged toward [Plaintiff], who was seated at a table. Other workers had to stop him from physically attacking her. [Plaintiff] immediately reported the assault to two different supervisors. She was then put out of service, losing overtime, while Salamanca was returned to work without discipline. IC[RC] took no steps to remedy, punish, or prohibit any future assaults. In fact, IC[RC] denied the incident occurred as its investigations revealed there was no evidence supporting the assault. Instead, it retaliated against [Plaintiff] by refusing to allow her to return to work. By taking these actions, IC[RC] personally assisted or encouraged violence to its employee.

(Pl.'s Resp., Dkt. # 31, at 7.)

But, as another court in this district recently stated under similar facts, "'a corporation's knowledge plus inaction doesn't state a claim for personally encouraging or assisting under the IGVA.'" *Sheaffer v. Glendale Nissan, Inc.*, No. 19 C 3899, 2020 WL 70939, at *3 (N.D. Ill. Jan. 6, 2020). Although Plaintiff is correct that this Court is not bound by the order in *Sheaffer*, the Court finds its reasoning persuasive, and dismisses the IGVA count without prejudice. *Id.* (dismissing IGVA claim without prejudice because the plaintiff "merely allege[d] that [the defendant corporation] had knowledge that its employee had committed an act of gender-related violence against [the plaintiff] and had failed to take a reasonable corrective action, not that [the defendant corporation] had personally assisted in or personally encouraged the gender-related violence, as required by the statute.").

**Conclusion**

For the reasons stated above, the motion to dismiss the IHRA count is granted; it is dismissed without prejudice with leave to replead. The individual defendants' motion to dismiss the employment-discrimination counts against them is denied. ICRC's motion to dismiss the IGVA count is granted; it is dismissed without prejudice with leave to replead. Any amended complaint shall be filed no more than 14 days from the date of entry of this order.

**Date**: September 28, 2020

_____
**Ronald A. Guzmàn**
**United States District Judge**