## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JUANITA BALDERAS, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | Case No. 20-CV-1857 |
| v. | ) | |
| | ) | |
| ILLINOIS CENTRAL RAILROAD | ) | Judge Guzman |
| COMPANY, ERICK CHASKO, | ) | Magistrate Judge Cole |
| and MARCOS SALAMANCA, | ) | |
| | ) | |
| *Defendants.* | ) | |

### PLAINTIFF'S SECOND MOTION TO COMPEL

The plaintiff, Juanita Balderas, by her counsel, Jamie Franklin and Susan Pavlow, respectfully files this second motion requesting that the Court compel defendants' compliance with their discovery obligations.

## I.     Procedural Background

1.     On March 18, 2020, Plaintiff Juanita Balderas filed a five-count Complaint against defendants Illinois Central Railroad Company ("IC"), her former supervisor Erick Chasko, and her former coworker Marcos Salamanca alleging gender discrimination, hostile work environment, sexual harassment, and retaliation pursuant to Title VII and the ADA. She also alleged violations of the Illinois Human Rights Act and the Illinois Gender Violence Act. Dkt. No. 1.

2.     On May 12, 2020, Judge Guzman set a discovery deadline of December 31, 2020. Dkt. No. 17. Pursuant to the Order, no extensions will be given. On July

13, 2020, Magistrate Judge Cole, to whom this case has been referred for discovery oversight, reiterated that date. Dkt. No. 20.

3.      On August 11, 2020, defendants filed two motions seeking to dismiss certain claims as to certain defendants. Dkt. Nos. 25, 26. The parties briefed those motions throughout August and September 2020.

4.      On September 28, 2020, Judge Guzman issued a decision on defendants' motions to dismiss, denying them in part and granting them in part. Dkt. No. 40. Thereafter, Ms. Balderas filed an Amended Complaint to conform to the ruling. Dkt. No. 41.

## II.    Course of Prior Discovery Relevant to this Motion

5.      On September 23, 2020, Ms. Balderas served interrogatories (Exhibit A) and document requests (Exhibit B) on IC. On October 20, 2020, IC's counsel sought an extension of time to respond, stating in an email "[w]e will have our responses to you by October 27, 2020." Plaintiff's counsel agreed to the extension.

6.      On October 14, 2020, Ms. Balderas served deposition notices on the two individual defendants, Erick Chasko and Marcos Salamanca, and on October 15, 2020, she served interrogatories and document requests on them.

7.      On November 23, 2020, the plaintiff served deposition notices on three company witnesses.

8.      On December 1, 2020, defendants still had not provided any discovery responses or dates for the depositions. On November 24, 2020, the parties conducted in a phone call in an attempt to resolve discovery differences. Plaintiff was

represented by attorneys Jamie Franklin and Susan Pavlow and defendants were represented by attorney Jessica Chang. The parties discussed the defendants' failure to provide definitive dates for depositions and outstanding written discovery. After a good-faith attempt to resolve the deficiencies failed, plaintiff filed her first motion to compel (Dkt. No. 43). The Court set a response date of December 7, 2020 (Dkt. No. 44).

9. On December 7, 2020, after plaintiff filed her motion, defendants provided deposition dates for the five depositions, served responses to IC's and the individual defendants' document requests, and produced 378 pages of documents, most of which were medical records received from third parties.

10. Later that same day, defendants filed their response to plaintiff's motion to compel (Dkt. No. 45), representing to this Court that "the issues raised in Plaintiff's Motion to Compel are now moot" because they had fully complied with their discovery obligations.

11. On December 7, 2020, in reliance on defendants' representations, this Court entered an order stating that "[i]t would appear that little or nothing remains at issue. Accordingly, the plaintiff's motion [43] is denied as moot." Dkt. No. 46.

## III. Outstanding Discovery that Plaintiff Seeks to Compel

12. Defendants have not produced all outstanding discovery. To date, the following deficiencies remain:

- Defendant IC has not provided **any** interrogatory answers.

- Defendants Chasko and Salamanca have not verified their interrogatory answers. In addition, the answers themselves (attached as Exhibits D and E)

3

are inadequate, as they state, for every question, that the defendants have no information about the subject, despite documents clearly to the contrary.

- Defendants' counsel has admitted that defendants have performed **no** searches for ESI.

- Defendant IC has inappropriately objected to plaintiffs' document requests 6, 8, 11, 12, 13, 14, 15, 18, 35, 36, and 40.

- Defendant IC has refused to allow plaintiff entry upon the premises of the office and locomotives where sexist graffiti and pictures are located.

13.     Plaintiff's counsel has made a vigorous and good-faith attempt to resolve these outstanding issues, as required by L.R. 37.2, as follows.

14.     On December 9, 2020, plaintiff's counsel Susan Pavlow and defendants' counsel Jessica Chang conducted a telephone conference. During the conference, Ms. Pavlow asked when IC's interrogatory responses would be forthcoming. Ms. Chang had no answer regarding when they would be served.

15.     Ms. Pavlow also spent significant time reviewing each of the deficiencies in IC's responses to plaintiff's document requests (Exhibit C). Specifically, the parties discussed Responses 6, 8, 11, 12, 13, 14, 15, 18, 35, 36, and 40, and Ms. Pavlow asked Ms. Chang to reconsider her objections to each one.

> a.  Document Request 6 seeks the complete employee and/or personnel for the individual defendants Erick Chasko and Marcos Salamanca, as well as similarly-situated or managerial employees Jake Bruns, Dave Cook, Chris Davis, Andrew Fronce, Aaron Graziano, Chuck Hanks, Todd Hunt, Milton Patterson, Manny Salazar, Eli Soto, Rick Vallejo, and Don Stojzkovich. Ms. Balderas is entitled to employee files of her supervisors, alleged wrongdoers, and similarly-situated individuals. Defendant's only objection is that the personnel files contain private information, despite the fact that an agreed protective order has been entered in the case. Ms. Balderas is entitled to these personnel records. *Surgery Ctr. at 900 N. Mich. Ave., LLC v. Am. Physicians Assur.*

*Corp., Inc.,* 317 F.R.D. 620, 625 (N.D.Ill. 2016) ("Personnel files are not sacrosanct and are often required to be produced in discovery.")

b. Document Request 8 seeks job descriptions for the positions relevant to this case: Laborer, Hostler, Leadman, and Relief Foreman. Inexplicably, defendant has refused to provide information about any position except Laborer. The other positions were either filled or sought by the plaintiff. Defendants have provided no good reason for denying such a simple request. Information about the positions is relevant to her claims and should be produced. *Chavez v. Daimler Chrysler Corp.*, 206 F.R.D. 615, 621 (S.D.Ind. 2002) (plaintiff was entitled to information about job descriptions).

c. Document Request 11 seeks the names, email addresses, and phone numbers of the employees who were in the same Hostler training class as Ms. Balderas. Document Request 12 seeks the names, phone numbers, email addresses, job title, and shifts of the employees that worked at IC's Kirk yard in Gary, Indiana from February 2018 through December 2019. Document Request 13 seeks the names and starting dates of the employees currently working as Relief Foremen. Again, Ms. Balderas appropriately seeks information on comparable individuals, and the protective order already on file in the case will protect private information of other employees.

d. Document Request 14 seeks all communications including, without limitation, e-mails, hard copy documents, voicemails, instant messages in any format, and text messages between Ms. Balderas and: Erick Chasko, Angela Lee, Janet Washington, Manny Salazar, Aaron France, Marcos Salamanca, Duane Spears, Chris Davis that refer or relate in any way to the allegations in Ms. Balderas' complaint. Document Request 15 seeks all communications including, without limitation, e-mails, hard copy documents, voicemails, instant messages in any format, and text messages between Erick Chasko and Chris Davis that relate or refer in any way to Ms. Balderas or the allegations in her complaint. Both seek relevant communications, including ESI, that defendants have provided no legitimate basis for withholding.

e. Document Request 18 seeks all documents and communications relating to any complaint, issue or concern raised by any person

other than Ms. Balderas with IC (including, without limitation, with HR) relating to the conduct or statements of Marcos Salamanca. This request includes, without limitation, all documents relating to any complaint, issue or concern raised about unlawful discrimination or retaliation occurring in departments, groups, activities and/or operations of IC. Other complaints of discrimination in similar cases are often appropriate subjects of discovery. *Perry v. Ill. Cent. R.R. Co.*, No. 14-cv-756, 2014 U.S. Dist. LEXIS 185011, *10 (N.D.Ill. Nov. 6, 2014).

f.   Document Request 35 seeks all documents and communications that evidence any accommodation made by IC on account of disability for the following individuals: Don Stojakovich, Jake Bruns, and Molly Tobias. Document Request 36 seeks all documents and communications that evidence any accommodations made by IC on account of disability for any individual from 2017 to the present. Again, the plaintiff appropriately seeks information on comparable employees related to her disability claim.

g.   Document Request 40 seeks all documents sufficient to describe IC's record retention policy with respect to surveillance videos, radio transmissions, emails, hard copy documents, text messages, instant messages, voicemails, and any other types of documents. This is a standard query that should supply plaintiff with information on what to seek where, particularly in a case in which radio transmissions may have been retained that contain evidence of discrimination. Defendants' relevance objections are inexplicable.

16.   Ms. Pavlow also reiterated the plaintiff's requested entry on IC's premises to inspect the locomotives and locker room during the December 9, 2020 call. Defendants' counsel stood on her prior objection and cited concerns regarding the pandemic.

17.   Plaintiff's counsel sent a detailed email following the call outlining the outstanding issues. In response, Ms. Chang sent an email stating that she did not

consider the above-described call a Rule 37.2 conference, despite that fact that nothing but discovery issues were discussed.

18.     Plaintiff's counsel disagrees. The December 9, 2020 call was clearly conducted pursuant to Rule 37.2 and was identified as such in prefatory emails. Nonetheless, plaintiff's counsel agreed to hold another call, which took place on December 11, 2020. During that call, Ms. Pavlow and Ms. Franklin were present for the plaintiff and Ms. Chang was present for the defendant.

19.     After another lengthy discussion regarding when plaintiff could expect IC's interrogatory responses, Ms. Chang could not state when the responses would be produced. Thus, the parties are at an impasse regarding IC's interrogatory answers. Depositions of defendants' witnesses are scheduled for December 17, 18, 21, 22, and 23, 2020.

20.     Plaintiff's counsel also asked Ms. Chang to describe the search IC had conducted for electronic documents after receiving virtually no emails and no text messages in defendants' production, despite producing several emails and text messages between herself and company witnesses. Ms. Chang replied that she made these requests of her client, but she could not confirm that an ESI search had been conducted. She further noted that she had never received ESI custodians and search terms. Plaintiff responded that Ms. Chang had never made such a request and that this did not excuse the obligation to provide electronic documents. The parties are at an impasse on ESI.[1]

---

[1]Plaintiff subsequently sent proposed custodians search terms. However, defendants' counsel objected to the terms as overbroad and did not provide alternate terms.

21. Next, plaintiff's counsel revisited IC's objections to document requests 6, 8, 11, 12, 13, 14, 15, 18, 35, 36, and 40 (Exhibit C). Ms. Chang stated that IC stands on its objections to each one. As such, the parties are at an impasse regarding these document requests.

22. Plaintiff's counsel also asked why the individual defendants' interrogatory answers all stated that they had no information about the subject (Exhibits D and E), despite the fact that they were directly involved in the matters queried. Ms. Chang stated that no additional information would be forthcoming. She was also unable say when verifications would be provided. The parties are at an impasse regarding the individual defendants' inadequate, unverified interrogatory answers.  The individual defendants' depositions are scheduled to occur on December 18 and 21, 2020.

23. Finally, plaintiff asked about her requests for entry onto IC's premises to inspect locomotives and the locker room. Ms. Chang stood on her objection. Regarding plaintiff's locker, Ms. Chang stated that Ms. Balderas should "contact HR" to arrange a time to visit the locker, which the plaintiff is attempting to do. The parties are at an impasse regarding the entry upon premises.

On December 14, 2020, counsel for the parties engaged in another Rule 37.2 conference regarding plaintiff's answers and responses. Following that discussion, Plaintiff's counsel again queried why few electronic documents had been produced and attempted to find out the parameters of whatever defendants did for electronic

document. Defendants' counsel refused to provide details and confirmed her prior positions, underscoring the parties' impasse on this topic.

## IV.   Conclusion

In light of the above, as well as the discovery deadline of December 31, 2020, Ms. Balderas respectfully requests that the Court compel the defendants to comply with the following immediately:

- IC must provide its interrogatory answers.

- Defendants Chasko and Salamanca must verify their interrogatory answers. Further, they should be compelled to provide complete answers to the interrogatories.

- Defendants must perform a search of electronic documents responsive to plaintiff's document requests.

- IC's objections to plaintiff's document requests detailed above are inappropriate, and IC should produce documents in response to each of these requests.

- IC must allow plaintiff's counsel to inspect the premises as requested.

  Plaintiff further requests a telephonic hearing on the foregoing motion.


December 14, 2020                                    Respectfully submitted,

                                                     */s/ Jamie S. Franklin*
                                                     Jamie S. Franklin


Jamie S. Franklin, ARDC No. 6242916
CHICAGO-KENT LEGAL CLINIC
565 West Adams Street, Suite 600
Chicago, IL 60661
jfranklin5@kentlaw.iit.edu
(312) 906-5048
(312) 906-5299 (fax)

Susan Pavlow
LAW OFFICES OF SUSAN M. PAVLOW
53 West Jackson Boulevard, Suite1215
Chicago, Illinois 60604
(312) 322-0094
smpavlow@mac.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that she caused a copy of the Plaintiff's Motion to Compel to be served upon the person named below in accordance with Fed.R.Civ.P.5, LR 5.5, and the General Order on Electric Case Filing (ECF) pursuant to the district court's system as to ECF filers on December 14, 2020.

Mr. Johner T. Wilson
Ms. Jessica Chang
Dinsmore & Shohl, LLP
222 West Adams Street, Suite 3400
Chicago, Illinois 60606
JT.Wilson@dinsmore.com
Jessica.Chang@dinsmore.com


/s/ *Jamie Franklin*
Jamie Franklin

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| JUANITA BALDERAS, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | Case No. 20-cv-01857 |
| v. | ) | |
| | ) | Judge Guzman |
| ILLINOIS CENTRAL RAILROAD | ) | Magistrate Judge Cole |
| COMPANY, ERICK CHASKO, | ) | |
| and MARCOS SALAMANCA, | ) | |
| | ) | |
| *Defendants.* | ) | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

      The plaintiff, Juanita Balderas, by her attorneys, pursuant to F.R.C.P. 33, requests that the defendant Illinois Central Railroad Company ("IC") serve answers to these interrogatories within 30 days of service.

## PRESERVATION OF RECORDS, INCLUDING ESI

      The service of these discovery requests serves as notice of the relevance of all records and documents referred to herein, and of all records and documents that may lead to the discovery of such documents. You are reminded of your duty to **preserve all of such records and documents and to refrain from altering, destroying or disposing of them**. In particular, with respect to information collected or recorded in electronic form, you must (a) refrain from altering, deleting, writing over or otherwise affecting computer media used for "back-up" purposes to the extent that such media relate to the periods stated in the various requests made herein; (b) refrain from any activity that would alter or damage data on any computer or storage systems, including deleting, de-fragmenting or compressing such data, including deleting e-mails or other files; (c) refrain from disposing of any electronic media; (d) refrain from saving new data to electronic media that already contains such data; and (e) refrain from installing new software or files on any media or machine that contains data described in these discovery requests.

## INSTRUCTIONS AND DEFINITIONS

      1.     Please direct your responses to Jamie Franklin at the Civil Litigation Clinic at Chicago-Kent Law School, 565 W. Adams Street, Suite 600, Chicago, IL 60661. Please direct any logistical or technical questions or concerns to Jamie S. Franklin at (312) 908-5046 or jfranklin5@kentlaw.iit.edu as soon as they arise in order to avoid delays in production.

2.      In responding to this discovery request, please furnish all information that is available to you, including information in the possession, custody, or control of any of your agents, employees, representatives, and all others from whom you may obtain it.

3.      If, after exercising due diligence, you cannot respond to a particular discovery request (or subpart) in full, please **explicitly so state** and state what steps you took to secure the information in question.

4.      If any part of your response to any of these discovery requests is claimed to be exempted from discovery due to privilege or for some other reason, produce with your responses to these discovery requests a **privilege log** identifying each such document and including the following information: type of document, date, subject matter, who created it, every individual to whom it was given, the nature of each reason or privilege claimed, and all factual grounds upon which each such claim is based.

5.      Pursuant to the 2015 amendments to Federal Rule of Civil Procedure 34(b)(2)(B), (C) and (D), you are obliged, for each item, to either state that the item will be produced or state with specificity the grounds for objecting to the request, including the reasons. An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest. Boilerplate objections are impermissible.

6.      The terms "IC" and "defendant" refer to the defendant IC and/or any of its successors, subsidiaries, owners, affiliates, agents, business units, departments, employees, administrators, managers, attorneys, representatives, boards, and/or committees. The terms may be used interchangeably in this discovery request.

7.      The term "document" or "documents" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rules of Civil Procedure 34(a) and specifically includes electronically stored information. The term "document" or "documents" includes, but is not limited to, all written or graphic material and other tangible media of reproduction or communication of every kind and description, including, but not limited to, correspondence, statements, memoranda, videos, films, pictures, email, computer files, databases, meta-data, recordings of any type, transcripts, photographs, slides, drawings, forms, applications, personnel records, letters, reports, medical reports, financial statements, abstracts, news releases, periodicals, bulletins, diaries, journals, calendars, rules, data, regulations, codes, contracts, agreements, handbooks, pamphlets, notebooks, booklets, computerized or digitized data, deleted files, restored files, backup files, and other machine-readable documents that are in the possession, custody, or control of the person or entity to whom this discovery request is directed, or to whom such person or entity has access. The term "document" or "documents" also includes any copies of documents that are not identical to the originals, including, but not limited to, drafts, copies with typed or handwritten notes, and forwarded emails.

8.      The term "identify," as to a person, means to give (a) the person's name; (b) whether the person is or was employed by or affiliated with defendants or any of their subsidiaries or affiliates, and, if so, the person's job title(s); and (c) if the person is or was not

employed by or affiliated with defendants or any of their subsidiaries or affiliates, the person's last known address, telephone number and email address. This instruction is in addition to any additional information requested in a specific discovery request.

9.      If documents are produced, please **label each produced document or group of documents with the number of the discovery request to which it refers**.

10.      Where available, please produce documents or data in **native digital or computer-readable format** via email or online file transfer, or on CDs, DVDs, thumb drives, external hard drives or other transferrable hard-drive media unless another production format is specifically identified in a request. For documents and data that are produced in digital or computerized format, please include all applicable documents (instruction files, record layouts, FAQs, etc.) necessary to explain the format of the data, including any and all codes, abbreviations, column or row headings, etc. appearing in the data, and all meta-data. Database information should be produced in Microsoft Excel format whenever possible. **All metadata** associated with digitized documents should be preserved and produced with the documents.

11.      Unless otherwise stated, the time period for these discovery requests is Janaury 1, 2015 to the present.

## DUTY TO SUPPLEMENT

Each of these requests and all requests subsequently served are subject to the duty to supplement. Supplementation should be made as soon as feasible after the acquisition of additional responsive material. Discovery requests that you contend are premature at this time must be supplemented when responsive material becomes available, without waiting for the plaintiff to make an additional request.

## INTERROGATORIES

1.      Identify the individuals most knowledgeable concerning the facts alleged in

plaintiff's complaint and state your full understanding of each individual's knowledge.

2.      Identify all individuals with whom IC has communicated (excluding counsel in

the present action) concerning the allegations in the complaint and describe each of those

communications.

3.      Identify each person who provided answers or otherwise assisted in the

preparation of answers to these interrogatories and specify the information they provided.

4.     Identify all individuals employed by IC who have been or are responsible for investigating complaints about employment discrimination (based on gender or disability), hostile work environment, or retaliation and describe what steps the employees take to investigate such complaints.

5.     Identify all previous allegations of employment discrimination (based on gender or disability), hostile work environment, or retaliation made against IC, defendant Erick Chasko, and/or defendant Marcos Salamanca, from 2015 to the present, and describe in detail the nature of those allegations, what steps IC took to respond to those allegations, and the outcome of those previous complaints.

6.     Describe all training, if any, employees are required to undergo concerning the prevention of employment discrimination, hostile work environment, or retaliation and identify the dates of the training sessions and the names of the employees who attended.

7.     Describe every complaint of any kind received by IC that were made by Plaintiff. For each complaint, identify how IC responded to the complaints, provide details as to the investigation of the complaints, and explain why IC concluded that there were no violations of its discrimination, harassment, or anti-retaliation policies.

8.     Identify all the employees who have held the position of Relief Foreman, including the dates the position was held and reason for leaving.

9.     Identify all the employees who have held the position of Leadman, including the dates the position was held and reason for leaving.

10.     Describe what accommodations could have been made for plaintiff's disability and what accommodations, if any, were in fact made. If no accommodations were made, so state and explain why.

11.     Describe which positions were available for Plaintiff after her doctor's release and which positions were offered to her, if any. If you contend that no positions were available for Planintiff or if none were offered to her, explain why.

12.     Identify all previous instances in which accommodations were requested by an employee at IC due to disability from 2015 to the present, and describe these instances in detail, including what disability was accommodated for and what accommodations were made, if any.

13.     Describe what steps were taken to prevent retaliation against plaintiff.


Dated: September 23, 2020                              Respectfully Submitted,

                                                      /s/ Jamie S. Franklin

Susan Pavlow
Law Offices of Susan M. Pavlow
53 W. Jackson Blvd., Ste. 1215
Chicago, IL 60604
(312) 322-0094
smpavlow@mac.com

Jamie S. Franklin
Law Offices of Chicago-Kent
565 W. Adams St., Ste. 600
Chicago, IL 60661
(312) 906-5048
(312) 906-5280 (fax)
jfranklin5@kentlaw.iit.edu

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document, Plaintiff's First Set of Interrogatories, was served via email on September 23, 2020 on the following parties:

<u>/s/ Jamie S. Franklin</u>

<u>Service List</u>:

Johner T. Wilson III
Jessica E. Chang
Dinsmore & Shohl LLP
222 West Adams Street, Suite 3400
Chicago, Illinois 60606
JT.Wilson@dinsmore.com
Jessica.Chang@dinsmore.com

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JUANITA BALDERAS, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | Case No. 20-cv-01857 |
| v. | ) | |
| | ) | Judge Guzman |
| ILLINOIS CENTRAL RAILROAD | ) | Magistrate Judge Cole |
| COMPANY, ERICK CHASKO, | ) | |
| and MARCOS SALAMANCA, | ) | |
| | ) | |
| *Defendants.* | ) | |

**PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS**
**AND REQUESTS FOR INSPECTION**
**TO ILLINOIS CENTRAL RAILROAD COMPANY**

The plaintiff, Juanita Balderas, by her attorneys, pursuant to F.R.C.P. 34, requests that defendant Illinois Central Railroad Company ("IC") serve responses to these document requests and permit the requested inspections within 30 days of service.

**PRESERVATION OF RECORDS, INCLUDING ESI**

The service of these discovery requests serves as notice of the relevance of all records and documents referred to herein, and of all records and documents that may lead to the discovery of such documents. You are reminded of your duty to preserve all of such records and documents and to refrain from altering, destroying or disposing of them. In particular, with respect to information collected or recorded in electronic form, you must (a) refrain from altering, deleting, writing over or otherwise affecting computer media used for "back-up" purposes to the extent that such media relate to the periods stated in the various requests made herein; (b) refrain from any activity that would alter or damage data on any computer or storage systems, including deleting, de-fragmenting or compressing such data, including deleting e-mails or other files; (c) refrain from disposing of any electronic media; (d) refrain from saving new data to electronic media that already contains such data; and (e) refrain from installing new software or files on any media or machine that contains data described in these discovery requests.

**INSTRUCTIONS AND DEFINITIONS**

1.      Please direct your responses to Jamie Franklin at the Civil Litigation Clinic at Chicago-Kent Law School, 565 W. Adams Street, Suite 600, Chicago, IL 60661. Please direct any logistical or technical questions or concerns to Jamie S. Franklin at (312) 908-5046 or jfranklin5@kentlaw.iit.edu as soon as they arise in order to avoid delays in production.

2.      In responding to this discovery request, please furnish all information that is available to you, including information in the possession, custody, or control of any of your agents, employees, representatives, and all others from whom you may obtain it.

3.      If, after exercising due diligence, you cannot respond to a particular discovery request (or subpart) in full, please explicitly so state and state what steps you took to secure the information in question.

4.      If any part of your response to any of these discovery requests is claimed to be exempted from discovery due to privilege or for some other reason, produce with your responses to these discovery requests a privilege log identifying each such document and including the following information: type of document, date, subject matter, who created it, every individual to whom it was given, the nature of each reason or privilege claimed, and all factual grounds upon which each such claim is based.

5.      Pursuant to the 2015 amendments to Federal Rule of Civil Procedure 34(b)(2)(B), (C) and (D), you are obliged, for each item, to either state that the item will be produced or state with specificity the grounds for objecting to the request, including the reasons. An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest. Boilerplate objections are impermissible.

6.      The terms "IC" and "defendant" refer to the defendant IC and/or any of its successors, subsidiaries, owners, affiliates, agents, business units, departments, employees, administrators, managers, attorneys, representatives, boards, and/or committees. The terms may be used interchangeably in this discovery request.

7.      The term "document" or "documents" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rules of Civil Procedure 34(a) and specifically includes electronically stored information. The term "document" or "documents" includes, but is not limited to, all written or graphic material and other tangible media of reproduction or communication of every kind and description, including, but not limited to, correspondence, statements, memoranda, videos, films, pictures, email, computer files, databases, meta-data, recordings of any type, transcripts, photographs, slides, drawings, forms, applications, personnel records, letters, reports, medical reports, financial statements, abstracts, news releases, periodicals, bulletins, diaries, journals, calendars, rules, data, regulations, codes, contracts, agreements, handbooks, pamphlets, notebooks, booklets, computerized or digitized data, deleted files, restored files, backup files, and other machine-readable documents that are in the possession, custody, or control of the person or entity to whom this discovery request is directed, or to whom such person or entity has access. The term "document" or "documents" also includes any copies of documents that are not identical to the originals, including, but not limited to, drafts, copies with typed or handwritten notes, and forwarded emails.

8.      The term "identify," as to a person, means to give (a) the person's name; (b) whether the person is or was employed by or affiliated with defendant or any of its subsidiaries

or affiliates, and, if so, the person's job title(s); and (c) if the person is or was not employed by or affiliated with defendants or any of their subsidiaries or affiliates, the person's last known address, telephone number and email address. This instruction is in addition to any additional information requested in a specific discovery request.

9.      When documents are produced, please label each produced document or group of documents with the number of the discovery request to which it refers.

10.     Where available, please produce documents or data in native digital or computer-readable format via email or online file transfer, or on CDs, DVDs, thumb drives, external hard drives or other transferrable hard-drive media unless another production format is specifically identified in a request. For documents and data that are produced in digital or computerized format, please include all applicable documents (instruction files, record layouts, FAQs, etc.) necessary to explain the format of the data, including any and all codes, abbreviations, column or row headings, etc. appearing in the data, and all meta-data. Database information should be produced in Microsoft Excel format whenever possible. All metadata associated with digitized documents should be preserved and produced with the documents.

11.     Unless otherwise stated, the time period for these discovery requests is Janaury 1, 2015 to the present.

## DUTY TO SUPPLEMENT

Each of these requests and all requests subsequently served are subject to the duty to supplement. Supplementation should be made as soon as feasible after the acquisition of additional responsive material. Discovery requests that you contend are premature at this time must be supplemented when responsive material becomes available, without waiting for the plaintiff to make an additional request.

## DOCUMENT REQUESTS

1.      All documents identified in IC's Initial Disclosures.

2.      All documents relating to each factual allegation as set forth in the complaint.

3.      All documents that IC relied on in answering the complaint.

4.      All documents you may use as exhibits at deposition or trial.

5.      All documents you contend to prove or relate to your affirmative defenses.

6.       The complete employee and/or personnel files of the following persons: Ms.

Balderas, Jake Bruns, Erick Chasko, Dave Cook, Chris Davis, Andrew Fronce, Aaron Graziano,

Chuck Hanks, Todd Hunt, Milton Patterson, Marcos Salamanca, Manny Salazar, Eli Soto, Rick Vallejo, Milton Petterson, and Don Stojakovich.

7.　　　All documents relating to Ms. Balderas' employment with IC, including, without limitation, applications for hire and promotion; job descriptions; job duties or tasks; hours scheduled and/or worked; compensation or pay; benefits; policies, procedures and handbooks; job performance; performance evaluations; discipline; leave(s) of absence; requests for time off; requests or applications for transfer to another department or IC location; inquiries about, requests for and applications for promotions, lateral transfers or other changes-in-position or title; correspondence letters, memoranda, complaints or grievances made by or on behalf of Ms. Balderas; memoranda, complaints or grievances concerning Ms. Balderas; and any diaries, journals, calendars, notebooks, notes, emails, text messages, voicemail messages or memoranda that refer to Ms. Balderas prepared or maintained by or for any person who reported to Ms. Balderas, or to whom Ms. Balderas reported, or any staff, manager or executive of IC's Human Resources ("HR"), Employee Relations ("ER") or like departments.

8.　　　All documents setting forth policies, terms, conditions and guidelines for each element of compensation and benefits provided by IC to employees in Laborer, Hostler, Leadman, and Relief Foreman roles.

9.　　　All documents evidencing any wages, salary, overtime payments, bonuses, per diems, benefits, and/or any other payments to Ms. Balderas during her time with IC.

10.　　　Job descriptions for all positions held by Ms. Balderas while employed at IC.

11.　　　The names, email addresses, and phone numbers of the employees who were in the same Hostler training class as Ms. Balderas.

12.     The names, phone numbers, email addresses, job title, and shifts of the employees that worked at IC's Kirk yard in Gary, Indiana from February 2018 through December 2019.

13.     The names and starting dates of the employees currently working as Relief Foremen.

14.     All communications including, without limitation, e-mails, hard copy documents, voicemails, instant messages in any format, and text messages between Ms. Balderas and: Erick Chasko, Angela Lee, Janet Washington, Manny Salazar, Aaron France, Marcos Salamanca, Duane Spears, Chris Davis that refer or relate in any way to the allegations in Ms. Balderas' complaint.

15.     All communications including, without limitation, e-mails, hard copy documents, voicemails, instant messages in any format, and text messages between Erick Chasko and Chris Davis that relate or refer in any way to Ms. Balderas or the allegations in her complaint.

16.     All documents and communications relating to any complaint, issue, or concern Ms. Balderas raised with IC's HR departments including, without limitation, complaints, issues or concerns relating to any of the following subject matter:

     a.     The conduct or statements of Eric Chasko;
     b.     The conduct or statements of Marcos Salamanca;
     c.     The conduct or statements of Chuck Hanks;
     d.     The conduct or statements of other employees in Kirk yard;
     e.     Ms. Balderas' gender and/or the way she was treated because of her gender
     f.      Discrimination based on disability; and
     g.     Retaliation

17.     All documents and communications relating to any complaint, issue, or concern raised by any person other than Ms. Balderas with IC (including, without limitation, with HR) relating to the conduct or statements of Erick Chasko and/or Marcos Salamanca. This request includes, without limitation, all documents relating to any complaint, issue, or concern raised

about unlawful discrimination or retaliation occurring in departments, groups, activities and/or operations of IC.

18. All documents and communications relating to any complaint, issue or concern raised by any person other than Ms. Balderas with IC (including, without limitation, with HR) relating to the conduct or statements of Marcos Salamanca. This request includes, without limitation, all documents relating to any complaint, issue or concern raised about unlawful discrimination or retaliation occurring in departments, groups, activities and/or operations of IC.

19. All documents relating to:

    a.   Applications by external candidates; and
    b.   The hiring of external candidates

to positions of Leadmen and Relief Foreman after October 14, 2018.

20. All documents related to the replacement of Ms. Balderas and/or reassignment of Ms. Balderas' job duties after she did not assume the position of Relief Foreman.

21. All resumes submitted for the position of Relief Foreman or otherwise to replace Ms. Balderas after October 29, 2018.

22. All documents in relation to Ms. Balderas' application to different positions after December 18, 2017.

23. All documents and communications relating to:

    a.   The decision to assign Ms. Balderas to work as a Leadman;
    b.   Instructions, job descriptions, goals and performance expectations given to Ms. Balderas for her work as a Leadman;
    c.   Ms. Balderas' work assignments as Leadman;
    d.   The conduct and interactions of Ms. Balderas toward superiors, peers and subordinates in her role as a Hostler and Leadman;
    e.   The conduct and interactions of superiors, peers, and subordinates toward Ms. Balderas' role as a Hostler and Leadman;
    f.   Ms. Balderas' work performance as a Leadman;
    g.   Assessments of Ms. Balderas' performance made by anyone at IC during times she was assigned to work as a Leadman

6

        h.     Complaints about or by Ms. Balderas made during the times she was assigned to work as a Leadman.

24.     All of IC's policies and guidelines concerning the preparation, review, and approval of performance reviews, assessments or evaluations of employees and communication thereof to employees, including the preparation, review and approval of performance reviews, assessments or evaluations of employees who have a change in position and/or one or more positions and/or one or more supervisors in a year (or other period used to measure performance). This request includes policies and guidelines published to employees generally, and any others prepared for use by managers or executives in IC's HR department.

25.     All radio transmission recordings between and/or among the following individuals that discuss, mention, or relate in any way to Ms. Balderas: Erick Chasko, Angela Lee, Manny Salazar, Janet Washington, Aaron France, Todd Hunt, Marcos Salamanca, Chris Davis.

26.     All radio transmission recordings of interactions between Ms. Balderas and her coworkers that refer or relate to any of the allegations in the complaint.

27.     All radio transmission recordings from the employees at Kirk yard on October 13, 2018.

28.     All surveillance videos from October 12, 2018 and October 13, 2018, at Kirkland Yard evidencing interactions between Marcos Salamanca and Ms. Balderas.

29.     All documents regarding complaints by any person regarding Eric Chasko, Marcos Salamanca, and/or Chris Davis.

30.     All documents related to Ms. Balderas' complaint submitted on October 13, 2018.

31.     Ms. Balderas' medical file as obtained by IC.

32.     All documents related to Ms. Balderas' request for accommodation sent to Heather Lifonti, including on January 21, 2019 and December 31, 2019.

33.     All documents related to the denial of Ms. Balderas' request for accommodation on account of her injury.

34.     All documents and communications relating to Ms. Balderas' request to take time off, and absence, on account of her injury.

35.     All documents and communications that evidence any accommodation made by IC on account of disability for the following individuals: Don Stojakovich, Jake Bruns, and Molly Tobias.

36.     All documents and communications that evidence any accommodations made by IC on account of disability for any individual from 2017 to the present.

37.     All complaints, including internal complaints, administrative complaints, EEOC charges, charges made in other local, state or federal agencies, and/or federal or state lawsuits against IC from 2015 to 2020.

38.     All documents related to Ms. Balderas' harassment investigation.

39.     All documents that you submitted to or received from any agency regarding Ms. Balderas or this matter, including the EEOC, the IDHR, IDES, the NLRB, and/or any other agency.

40.     Documents sufficient to describe your record retention policy with respect to surveillance videos, radio transmissions, emails, hard copy documents, text messages, instant messages, voicemails, and any other types of documents utilized and/or retained by you.

41.     All documents related to any purported train delays caused by Ms. Balderas.

42.     All documents related to any purported train delays caused by Chris Davis.

## <u>REQUESTS FOR INSPECTION</u>

Ms. Balderas requests that IC permit her to enter upon land or other property possessed or controlled by IC for the purpose of conducting an inspection pursuant to F.R.C.P. 34(a)(2) as follows. Such inspections will take place at a reasonable time, place, and manner, as agreed upon by the parties.

      1.      The offices at IC's Kirk Yard.

      2.      The locker rooms at IC's Kirk Yard.

      2.      The locomotives in IC's Kirk Yard in which Ms. Balderas worked as a Hostler.

Dated: September 23, 2020                Respectfully Submitted,

                                            <u>/s/ Jamie S. Franklin</u>

Susan Pavlow
Law Offices of Susan M. Pavlow
53 W. Jackson Blvd., Ste. 1215
Chicago, IL 60604
(312) 322-0094
smpavlow@mac.com

Jamie S. Franklin
Law Offices of Chicago-Kent
565 W. Adams St., Ste. 600
Chicago, IL 60661
(312) 906-5048
(312) 906-5280 (fax)
jfranklin5@kentlaw.iit.edu

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that the foregoing document, Plaintiff's First Set of Document Requests and Requests for Inspection, was served via email on September 23, 2020 on the following parties:

<u>/s/ Jamie S. Franklin</u>

<u>Service List</u>:

Johner T. Wilson III
Jessica E. Chang
Dinsmore & Shohl LLP
222 West Adams Street, Suite 3400
Chicago, Illinois 60606
JT.Wilson@dinsmore.com
Jessica.Chang@dinsmore.com

# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JUANITA BALDERAS, | ) |
| | ) |
| *Plaintiff,* | ) |
| | )   Case No. 20-cv-01857 |
| v. | ) |
| | )   Judge Guzman |
| ILLINOIS CENTRAL RAILROAD | )   Magistrate Judge Cole |
| COMPANY, ERICK CHASKO, | ) |
| and MARCOS SALAMANCA, | ) |
| | ) |
| *Defendants.* | |

**DEFENDANT ILLINOIS CENTRAL RAILROAD COMPANY'S
RESPONSE TO PLAINTIFF'S FIRST SET OF
<u>DOCUMENT REQUESTS AND REQUESTS FOR INSPECTION</u>**

Defendant, Illinois Central Railroad Company's ("IC") provide the following responses and objections to Plaintiff Juanita Balderas's First Request Set of Document Requests and Requests for Inspection.

**<u>DOCUMENT REQUESTS</u>**

1.    All documents identified in IC's Initial Disclosures.

**RESPONSE: See Plaintiff's Dashboard Employment Summary, produced as IC.Balderas000001 - 000020; Plaintiff's Personal Work Record, produced as IC.Balderas000021; Plaintiff's Medical Documents, produced as IC.Balderas000022 - 000293; Plaintiff's Medical Status Report, produced as IC.Balderas000294 - 000301; Plaintiff's Return to Work Certification, produced as IC.Balderas000302 - 000304; Plaintiff's Substance Abuse Acknowledgement, produced as IC.Balderas000340 - 000341; Equal Employment Opportunity Policy, produced as IC.Balderas000305; Anti-Harassment Policy, produced as IC.Balderas000306; Code of Business Conduct, produced as IC.Balderas000307**

1

**- 000317; Plaintiff's Waiver of Investigation, produced as IC.Balderas000318; and Letter from HR Concluding Investigation dated December 13, 2018, produced as IC.Balderas000319 - 000320.**

2.      All documents relating to each factual allegation as set forth in the complaint.

**RESPONSE**: **IC objects to this Request to the extent it seeks documents protected by the attorney-client or work product doctrine. IC also objects to this Request to the extent the requested information is in Plaintiff's possession or more readily accessible to Plaintiff. And IC objects to this Request as the undefined term "documents" is vague and ambiguous. Subject to and without waiving the foregoing, see IC's response to Request No. 1. Investigation continues.**

3.      All documents that IC relied on in answering the complaint.

**RESPONSE**: **IC objects to this Request to the extent it seeks documents protected by the attorney-client or work product doctrine, and seeks information irrelevant to any claim asserted in Plaintiff's Amended Complaint. Also, IC objects to this Request to the extent the requested information is in Plaintiff's possession or more readily accessible to Plaintiff. And IC objects to this Request as the undefined term "documents" is vague and ambiguous. Subject to and without waiving the foregoing, see documents produced as IC.Balderas000001 - 000378.**

4.      All documents you may use as exhibits at deposition or trial.

**RESPONSE: IC objects to this Request to the extent it seeks documents protected by the attorney-client or work product doctrine. IC objects to Request as it is premature as discovery is in its infancy and IC has yet to determine which exhibits and documents it plans to introduce at trial. Subject to and without waiving these objections, see certain documents**

**generally exchanged by the Parties during formal and informal discovery. IC will supplement its response to this Request in accordance with the Federal Rules of Civil Procedure and any scheduling order from the Court.**

5.     All documents you contend to prove or relate to your affirmative defenses.

**RESPONSE: IC objects to this Request as it seeks documents protected from disclosure by attorney-client privilege and/or the work-product doctrine. IC also objects to this Request as the undefined term "documents" is vague and ambiguous. Subject to and without waiving the foregoing, see certain documents generally exchanged by the Parties during formal and informal discovery. Answering further, see documents produced as IC.Balderas000001 - 000378.**

6.     The complete employee and/or personnel files of the following persons: Ms. Balderas, Jake Bruns, Erick Chasko, Dave Cook, Chris Davis, Andrew Fronce, Aaron Graziano, Chuck Hanks, Todd Hunt, Milton Patterson, Marcos Salamanca, Manny Salazar, Eli Soto, Rick Vallejo, Milton Petterson, and Don Stojakovich.

**RESPONSE**: **IC objects to the compound form of this Request. IC objects to this Request as it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, seeks information irrelevant to any claim asserted in Plaintiff's Amended Complaint, and is disproportional to the needs of the case. IC also objects to this Request as it is seeking personal and private information of individuals who are not parties to this claim, the disclosure of which constitutes an unauthorized invasion of privacy. Subject to and without waiving these objections, see Notice of Investigation, produced as IC.Balderas000321 - 000322; Plaintiff's Waiver of Investigation, produced as IC.Balderas000318; Plaintiff's Personal Work Record, produced as IC.Balderas000021;**

3

**Plaintiff's Dashboard Employment Summary, produced as IC.Balderas000001 - 000020; and Letter of Caution – Attendance dated September 5, 2018, produced as IC.Balderas000323 - 00324.**

7.      All documents relating to Ms. Balderas' employment with IC, including, without limitation, applications for hire and promotion; job descriptions; job duties or tasks; hours scheduled and/or worked; compensation or pay; benefits; policies, procedures and handbooks; job performance; performance evaluations; discipline; leave(s) of absence; requests for time off; requests or applications for transfer to another department or IC location; inquiries about, requests for and applications for promotions, lateral transfers or other changes-in-position or title; correspondence letters, memoranda, complaints or grievances made by or on behalf of Ms. Balderas; memoranda, complaints or grievances concerning Ms. Balderas; and any diaries, journals, calendars, notebooks, notes, emails, text messages, voicemail messages or memoranda that refer to Ms. Balderas prepared or maintained by or for any person who reported to Ms. Balderas, or to whom Ms. Balderas reported, or any staff, manager or executive of IC's Human Resources ("HR"), Employee Relations ("ER") or like departments.

**RESPONSE**: **IC objects to the compound form of this Request.  IC objects to this Request as it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, seeks information irrelevant to any claim asserted in Plaintiff's Amended Complaint, and is disproportional to the needs of the case. IC also objects to this Request to the extent it seeks information protected by the attorney-client privilege and work product doctrine.  IC further objects to this Request as the undefined term "documents" is vague and ambiguous. Subject to and without waiving these objections, see Defendants' response to Request No. 1; Plaintiff's Waiver of Investigation, produced as**

4

**IC.Balderas000318; Notice of Investigation, produced as IC.Balderas000321 - 000322; Letter from HR Concluding Investigation dated December 13, 2018, produced as IC.Balderas000319 - 000320; Letter of Caution – Attendance dated September 5, 2018, produced as IC.Balderas000323 - 000324; and Job Description of Laborer, produced as IC.Balderas000325 - 000326.**

8.    All documents setting forth policies, terms, conditions and guidelines for each element of compensation and benefits provided by IC to employees in Laborer, Hostler, Leadman, and Relief Foreman roles.

**RESPONSE**: **IC objects to the compound form of this Request.  IC also objects to this Request as it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, seeks information irrelevant to any claim asserted in Plaintiff's Amended Complaint, and is disproportional to the needs of the case. IC further objects to this Request as the undefined term "documents" is vague and ambiguous. Subject to and without waiving these objections, see Job Description of Laborer, produced as IC.Balderas000325 - 000326.**

9.    All documents evidencing any wages, salary, overtime payments, bonuses, per diems, benefits, and/or any other payments to Ms. Balderas during her time with IC.

**RESPONSE**: **IC objects to this Request as it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, seeks information irrelevant to any claim asserted in Plaintiff's Amended Complaint, and is disproportional to the needs of the case. IC also objects to this Request as the undefined term "documents" is vague and ambiguous. IC further objects to this Request to the extent the requested information is in Plaintiff's possession or more readily accessible to Plaintiff. Subject to**

and without waiving these objections, 2018 -2020 Compensation Documents, produced as IC.Balderas000327 - 000335.

10.      Job descriptions for all positions held by Ms. Balderas while employed at IC.

**RESPONSE**: **IC objects to this Request as it is overly broad in scope and time, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, seeks information irrelevant to any claim asserted in Plaintiff's Amended Complaint, and is disproportional to the needs of the case. IC also objects to this Request as the undefined term "documents" is vague and ambiguous. Subject to and without waiving these objections, see IC's response to Request No. 7.**

11.      The names, email addresses, and phone numbers of the employees who were in the same Hostler training class as Ms. Balderas.

**RESPONSE**: **IC objects to this Request as it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, seeks information irrelevant to any claim asserted in Plaintiff's Amended Complaint, and is disproportional to the needs of the case. IC also objects to this Request as it is seeking personal and private information of individuals who are not parties to this claim, the disclosure of which constitutes an unauthorized invasion of privacy.**

12.      The names, phone numbers, email addresses, job title, and shifts of the employees that worked at IC's Kirk yard in Gary, Indiana from February 2018 through December 2019.

**RESPONSE: IC objects to this Request as it is overly broad in scope, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, seeks information irrelevant to any claim asserted in Plaintiff's Amended Complaint, and is disproportional to the needs of the case. IC also objects to this Request as it is seeking personal and private**

6

information of individuals who are not parties to this claim, the disclosure of which constitutes an unauthorized invasion of privacy.

13.     The names and starting dates of the employees currently working as Relief Foremen.

**RESPONSE**: **IC objects to this Request as it is overly broad in scope and time, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, seeks information irrelevant to any claim asserted in Plaintiff's Amended Complaint, and is disproportional to the needs of the case. IC also objects to this Request as it is seeking personal and private information of individuals who are not parties to this claim, the disclosure of which constitutes an unauthorized invasion of privacy.**

14.     All communications including, without limitation, e-mails, hard copy documents, voicemails, instant messages in any format, and text messages between Ms. Balderas and: Erick Chasko, Angela Lee, Janet Washington, Manny Salazar, Aaron France, Marcos Salamanca, Duane Spears, Chris Davis that refer or relate in any way to the allegations in Ms. Balderas' complaint.

**RESPONSE**: **IC objects to the compound form of this Request.  IC objects to this Request as it is overly broad and is disproportional to the needs of the case. IC further objects to this Request as it is seeking personal and private information of individuals who are not parties to this claim, disclosure of which would require proper authorization from each individual. Subject to and without waiving these objections, see Plaintiff's Waiver of Investigation, produced as IC.Balderas000318; Notice of Investigation, produced as IC.Balderas000321 - 000322; Letter from HR Concluding Investigation dated December 13, 2018, produced as IC.Balderas000319 - 000320; Letter of Caution – Attendance dated September 5, 2018, produced as IC.Balderas000323 - 000324; Email from Plaintiff to Angela Lee dated October**

**26, 2018, produced as IC.Balderas000372 - 000373; and Screenshot_20181024-144421_Galley, produced as IC.Balderas000374.**

15. All communications including, without limitation, e-mails, hard copy documents, voicemails, instant messages in any format, and text messages between Erick Chasko and Chris Davis that relate or refer in any way to Ms. Balderas or the allegations in her complaint.

**RESPONSE**: **IC objects to the compound form of this Request. IC objects to this Request as it is overly broad in scope and time, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, seeks information irrelevant to any claim asserted in Plaintiff's Amended Complaint, and is disproportional to the needs of the case. IC further objects to this Request as it is seeking personal and private information of individuals who are not parties to this claim, disclosure of which would require proper authorization from each individual.**

16. All documents and communications relating to any complaint, issue, or concern Ms. Balderas raised with IC's HR departments including, without limitation, complaints, issues or concerns relating to any of the following subject matter:

   a. The conduct or statements of Eric Chasko;

   b. The conduct or statements of Marcos Salamanca;

   c. The conduct or statements of Chuck Hanks;

   d. The conduct or statements of other employees in Kirk yard;

   e. Ms. Balderas' gender and/or the way she was treated because of her gender

   f. Discrimination based on disability; and

   g. Retaliation

**RESPONSE**: **IC objects to the compound form of this Request. IC objects to this Request as it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, protected by the attorney-client or work product doctrine, and seeks information irrelevant to any claim asserted in Plaintiff's Amended Complaint. Subject to and without waiving these objections, see Email Chain dated April 24, 2019, produced as IC.Balderas000342 - 000343; Summary of Interview of Andrew Fronce dated October 25, 2018, produced as IC.Balderas000344; Summary of Interview of Christopher Davis dated December 11, 2018, produced as IC.Balderas000345 - 000346; Summary of Interview of Dave Cook dated November 8, 2918, produced as IC.Balderas000347; Summary of Interview of Eli Soto dated October 18, 2018, produced as IC.Balderas000348 -000349; Summary of Interview of Erick Chasko dated November 30, 2018, produced as IC.Balderas000350; Summary of Interview of Plaintiff dated October 24, 2018, produced as IC.Balderas000351; Summary of Interview of Grady Hale dated October 26, 2018, produced as IC.Balderas000352; Summary of Interview of James Wright dated October 18, 2018, produced as IC.Balderas000353; Summary of Interview of Janet Washington dated October 26, 2018, produced as IC.Balderas000354; Summary of Interview of Jeff Lockhart dated November 9, 2018, produced as IC.Balderas000355; Letter from HR Concluding Investigation dated December 13, 2018, produced as IC.Balderas000319 - 000320; Summary of Interview of Plaintiff dated October 15, 2018, produced as IC.Balderas000356 - 000357; Summary of Interview of Kenneth Chambers dated November 8, 2018, produced as IC.Balderas000358; Summary of Interview of Manny Salazar dated October 17, 2018, produced as IC.Balderas000359; Summary of Interview of Marcos Salamanca dated October 22, 2018, produced as IC.Balderas000360 - 000362; Summary of Interview of Milton**

**Patterson dated October 29, 2018, produced as IC.Balderas000363 - 000364; Summary of Interview of Randy Hilliard dated November 30, 2018, produced as IC.Balderas000365; Summary of Interview of Raymond Scott dated October 24, 2018, produced as IC.Balderas000366; Summary of Interview of Ricky Steyer dated October 26, 2018, produced as IC.Balderas000367; Summary of Findings of Investigation dated December 13, 2018, produced as IC.Balderas000368; and Summary of Interview of Todd Hunt dated October 25, 2018, produced as IC.Balderas000369.**

17.     All documents and communications relating to any complaint, issue, or concern raised by any person other than Ms. Balderas with IC (including, without limitation, with HR) relating to the conduct or statements of Erick Chasko and/or Marcos Salamanca. This request includes, without limitation, all documents relating to any complaint, issue, or concern raised about unlawful discrimination or retaliation occurring in departments, groups, activities and/or operations of IC.

**RESPONSE**: **IC objects to the compound form of this Request.  IC objects to this Request as it is overly broad in scope and time, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, protected by the attorney-client or work product doctrine, and seeks information irrelevant to any claim asserted in Plaintiff's Amended Complaint. Subject to and without waiving the foregoing, IC has no responsive documents at this time.**

18.     All documents and communications relating to any complaint, issue or concern raised by any person other than Ms. Balderas with IC (including, without limitation, with HR) relating to the conduct or statements of Marcos Salamanca. This request includes, without

10

limitation, all documents relating to any complaint, issue or concern raised about unlawful discrimination or retaliation occurring in departments, groups, activities and/or operations of IC.

**RESPONSE**: **IC objects to this Request as it is overly broad in scope and time, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, protected by the attorney-client or work product doctrine, and seeks information irrelevant to any claim asserted in Plaintiff's Amended Complaint. Subject to and without waiving the foregoing, IC has no responsive documents at this time.**

19. All documents relating to:

        a. Applications by external candidates; and

        b. The hiring of external candidates

to positions of Leadmen and Relief Foreman after October 14, 2018.

        **RESPONSE**: **IC objects to this Request as it is overly broad in scope and time, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, seeks information irrelevant to any claim asserted in Plaintiff's Amended Complaint, and is disproportional to the needs of the case. IC also objects to this Request as it is seeking personal and private information of individuals who are not parties to this claim, the disclosure of which constitutes an unauthorized invasion of privacy. Subject to and without waiving these objections, IC has no responsive documents at this time.**

20. All documents related to the replacement of Ms. Balderas and/or reassignment of Ms. Balderas' job duties after she did not assume the position of Relief Foreman.

        **RESPONSE**: **IC objects to the extent this Request seeks a concession from IC that Plaintiff was replaced or reassigned, or that Plaintiff ever worked as a Relief Foreman after**

**October 2018, which IC denies.  Subject to and without waiving these objections, IC has no responsive documents at this time.**

21.     All resumes submitted for the position of Relief Foreman or otherwise to replace Ms. Balderas after October 29, 2018.

**RESPONSE**: **IC objects to the extent this Request seeks a concession from IC that Plaintiff was replaced or reassigned, or that Plaintiff ever worked as a Relief Foreman after October 2018, which IC denies.  IC objects to this Request as it is overly broad in scope and time, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, seeks information irrelevant to any claim asserted in Plaintiff's Amended Complaint, and is disproportional to the needs of the case. IC also objects to this Request as it is seeking personal and private information of individuals who are not parties to this claim, the disclosure of which constitutes an unauthorized invasion of privacy.  Subject to and without waiving these objections, IC has no responsive documents at this time.**

22.     All documents in relation to Ms. Balderas' application to different positions after December 18, 2017.

**RESPONSE**: **IC objects to this Request as it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, seeks information irrelevant to any claim asserted in Plaintiff's Amended Complaint, and is disproportional to the needs of the case. IC also object to this Request as the undefined term "documents" is vague and ambiguous. Subject to and without waiving the foregoing, Plaintiff's job application history for other positions within IC from December 18, 2017, produced as IC.Balderas000336 - 000339.**

23.     All documents and communications relating to:

a.   The decision to assign Ms. Balderas to work as a Leadman;

b.   Instructions, job descriptions, goals and performance expectations given to Ms. Balderas for her work as a Leadman;

c.   Ms. Balderas' work assignments as Leadman;

d.   The conduct and interactions of Ms. Balderas toward superiors, peers and subordinates in her role as a Hostler and Leadman;

e.   The conduct and interactions of superiors, peers, and subordinates toward Ms. Balderas' role as a Hostler and Leadman;

f.   Ms. Balderas' work performance as a Leadman;

g.   Assessments of Ms. Balderas' performance made by anyone at IC during times she was assigned to work as a Leadman

h.   Complaints about or by Ms. Balderas made during the times she was assigned to work as a Leadman.

**RESPONSE**: **IC objects to the compound form of this Request.  IC objects to this Request as it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, seeks information irrelevant to any claim asserted in Plaintiff's Amended Complaint, and is disproportional to the needs of the case. IC further object to this Request to the extent it seeks information protected by the attorney-client privilege and work product doctrine.  IC also object to this Request as the undefined term "documents" is vague and ambiguous. Subject to and without waiving these objections, see Plaintiff's Dashboard Employment Summary, produced as IC.Balderas000001 - 000020.**

24.   All of IC's policies and guidelines concerning the preparation, review, and approval of performance reviews, assessments or evaluations of employees and communication thereof to

employees, including the preparation, review and approval of performance reviews, assessments or evaluations of employees who have a change in position and/or one or more positions and/or one or more supervisors in a year (or other period used to measure performance). This request includes policies and guidelines published to employees generally, and any others prepared for use by managers or executives in IC's HR department.

**RESPONSE**: **IC objects to this Request as it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, seeks information irrelevant to any claim asserted in Plaintiff's Amended Complaint, and is disproportional to the needs of the case. Subject to and without waiving these objections, Code of Business Conduct, produced as IC.Balderas000307 - 000317.**

25.    All radio transmission recordings between and/or among the following individuals that discuss, mention, or relate in any way to Ms. Balderas: Erick Chasko, Angela Lee, Manny Salazar, Janet Washington, Aaron France, Todd Hunt, Marcos Salamanca, Chris Davis.

**RESPONSE**: **IC objects to the compound form of this Request.  IC objects to this Request as it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, seeks information irrelevant to any claim asserted in Plaintiff's Amended Complaint, and is disproportional to the needs of the case. Subject to and without waiving these objections, IC has no responsive documents at this time.**

26.    All radio transmission recordings of interactions between Ms. Balderas and her coworkers that refer or relate to any of the allegations in the complaint.

**RESPONSE**: **IC objects to this Request as it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and is disproportional**

to the needs of the case. **Subject to and without waiving these objections, IC has no responsive documents at this time.**

27.     All radio transmission recordings from the employees at Kirk yard on October 13, 2018.

**RESPONSE**: **IC objects to this Request as it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, seeks information irrelevant to any claim asserted in Plaintiff's Amended Complaint, and is disproportional to the needs of the case.  Subject to and without waiving these objections, IC has no responsive documents at this time.**

28.     All surveillance videos from October 12, 2018 and October 13, 2018, at Kirkland Yard evidencing interactions between Marcos Salamanca and Ms. Balderas.

**RESPONSE**: **IC objects to this Request as it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, seeks information irrelevant to any claim asserted in Plaintiff's Amended Complaint, and is disproportional to the needs of the case.   IC also objects to this Request as the undefined phrase "surveillance videos" is vague and ambiguous.  Subject to and without waiving these objections, IC has no responsive documents at this time.**

29.     All documents regarding complaints by any person regarding Eric Chasko, Marcos Salamanca, and/or Chris Davis.

**RESPONSE**: **IC objects to the compound form of this Request.  IC objects to this Request as it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, seeks information irrelevant to any claim asserted in Plaintiff's Amended Complaint, and is disproportional to the needs of the case. IC also objects to this**

**Request as it is seeking personal and private information of individuals who are not parties to this claim, the disclosure of which constitutes an unauthorized invasion of privacy.**

30.     All documents related to Ms. Balderas' complaint submitted on October 13, 2018.

**RESPONSE**: **See IC's response to Request 16.**

31.     Ms. Balderas' medical file as obtained by IC.

**RESPONSE:  See Plaintiff's Medical Documents, produced as IC.Balderas000022 - 000293.**

32.     All documents related to Ms. Balderas' request for accommodation sent to Heather Lifonti, including on January 21, 2019 and December 31, 2019.

**RESPONSE**: **IC objects to the extent this Request seeks a concession from IC that Plaintiff requested a reasonable accommodation, which IC denies.  Subject to and without waiving these objections, see Plaintiff's Return to Work Certification, produced as IC.Balderas000302 - 000304; and Plaintiff's Medical Record Status, produced as IC.Balderas000294 - 000301.**

33.     All documents related to the denial of Ms. Balderas' request for accommodation on account of her injury.

**RESPONSE**: **IC objects to the extent this Request seeks a concession from IC that Plaintiff requested a reasonable accommodation, which IC denies.  Subject to and without waiving these objections, IC has no responsive documents at this time.**

34.     All documents and communications relating to Ms. Balderas' request to take time off, and absence, on account of her injury.

**RESPONSE**: **IC objects to this Request to the extent the requested information is in Plaintiff's possession or more readily accessible to Plaintiff.  IC also objects to this Request as the undefined term "documents" is vague and ambiguous. Subject to and without waiving**

these objections, see Plaintiff's Dashboard Employment Summary, produced as IC.Balderas000001 – 000020.

35.    All documents and communications that evidence any accommodation made by IC on account of disability for the following individuals: Don Stojakovich, Jake Bruns, and Molly Tobias.

**RESPONSE**: **IC objects to the compound form of this Request. IC objects to this Request as it is overly broad in scope and time, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and is disproportional to the needs of the case. IC also objects to this Request as the undefined term "documents" is vague and ambiguous. IC further objects to this Request as it is seeking personal and private information of individuals who are not parties to this claim, the disclosure of which constitutes an unauthorized invasion of privacy. Subject to and without waiving these objections, see IC's answer to Interrogatory 12. Answering further, there are no responsive documents for Jake Bruns and Molly Tobias.**

36.    All documents and communications that evidence any accommodations made by IC on account of disability for any individual from 2017 to the present.

**RESPONSE**: **IC objects to this Request as it is overly broad in scope and time, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, seeks information irrelevant to any claim asserted in Plaintiff's Amended Complaint, and is disproportional to the needs of the case. IC also objects to this Request as the undefined term "documents" is vague and ambiguous. IC further objects to this Request as it is seeking personal and private information of individuals who are not parties to this claim, the disclosure of which constitutes an unauthorized invasion of privacy.**

37. All complaints, including internal complaints, administrative complaints, EEOC charges, charges made in other local, state or federal agencies, and/or federal or state lawsuits against IC from 2015 to 2020.

**RESPONSE: IC objects to this Request as it is overly broad in scope and time, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, seeks information irrelevant to any claim asserted in Plaintiff's Amended Complaint, and is disproportional to the needs of the case. IC also objects to the extent this Request seeks publicly available information, and thus equally available to Plaintiff. Subject to and without waiving these objections, IC has no responsive documents at this time.**

38. All documents related to Ms. Balderas' harassment investigation.

**RESPONSE**: **See IC's response to Request 16.**

39. All documents that you submitted to or received from any agency regarding Ms. Balderas or this matter, including the EEOC, the IDHR, IDES, the NLRB, and/or any other agency.

**RESPONSE**: **IC objects to this Request to the extent the requested information is in Plaintiff's possession. Subject to and without waiving these objections, see Equal Employment Opportunity Policy, produced as IC.Balderas000305; Anti-Harassment Policy, produced as IC.Balderas000306; Code of Business Conduct, produced as IC.Balderas000307 - 000317; Letter from HR Concluding Investigation dated December 13, 2018, produced as IC.Balderas000319 - 000320; Plaintiff's Return to Work Certification, produced as IC.Balderas000302 - 000304; Plaintiff's Medical Status Records, produced as IC.Balderas000294 - 000301; U.S. EEOC's Notice of Right to Sue dated December 20, 2019, produced as IC.Balderas000375 - 000378; and IDHR's Notice of Dismissal for Lack of**

**Substantial Evidence and Order of Closure dated June 8, 2020, produced as IC.Balderas000370 - 000371.**

40.    Documents sufficient to describe your record retention policy with respect to surveillance videos, radio transmissions, emails, hard copy documents, text messages, instant messages, voicemails, and any other types of documents utilized and/or retained by you.

**RESPONSE**: **IC objects to the compound form of this Request.  IC objects to this Request as it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, seeks information irrelevant to any claim asserted in Plaintiff's Amended Complaint, and is disproportional to the needs of the case. Subject to and without waiving these objections, see Code of Business Conduct, produced as IC.Balderas000307 - 000317.**

41.    All documents related to any purported train delays caused by Ms. Balderas.

**RESPONSE**: **IC objects to this Request as it is overly broad in scope and time, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, seeks information irrelevant to any claim asserted in Plaintiff's Amended Complaint, and is disproportional to the needs of the case. IC also object to this Request as the undefined term "documents" is vague and ambiguous. Subject to and without waiving these objections, see Plaintiff's Dashboard Employment Summary, produced as IC.Balderas000001 - 000020.**

42.    All documents related to any purported train delays caused by Chris Davis.

**RESPONSE**: **IC objects to this Request as it is overly broad in scope and time, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, seeks information irrelevant to any claim asserted in Plaintiff's Amended Complaint, and is disproportional to the needs of the case. IC also object to this Request as the undefined term "documents" is vague and ambiguous. IC further objects to this Request as it is seeking**

personal and private information of individuals who are not parties to this claim, the disclosure of which constitutes an unauthorized invasion of privacy.

## REQUESTS FOR INSPECTION

Ms. Balderas requests that IC permit her to enter upon land or other property possessed or controlled by IC for the purpose of conducting an inspection pursuant to F.R.C.P. 34(a)(2) as follows. Such inspections will take place at a reasonable time, place, and manner, as agreed upon by the parties.

1. The offices at IC's Kirk Yard.

**RESPONSE**: **IC objects to this Request as it is overly broad in scope and time, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, seeks information irrelevant to any claim asserted in Plaintiff's Amended Complaint, and is disproportional to the needs of the case. In addition, IC objects to this Request, due to the current COVID-19 Pandemic, access to the property is limited to only essential employees within the capacity required by applicable city and state regulations, and any visitors would disrupt the normal business operations of IC.**

2. The locker rooms at IC's Kirk Yard.

**RESPONSE**: **IC objects to this Request as it is overly broad in scope and time, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, seeks information irrelevant to any claim asserted in Plaintiff's Amended Complaint, and is disproportional to the needs of the case. In addition, IC objects to this Request, due to the current COVID-19 Pandemic, access to the property is limited to only essential employees within the capacity required by applicable city and state regulations, and any visitors would disrupt the normal business operations of IC.**

3.      The locomotives in IC's Kirk Yard in which Ms. Balderas worked as a Hostler.

**RESPONSE**: **IC objects to this Request as it is overly broad in scope and time, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, seeks information irrelevant to any claim asserted in Plaintiff's Amended Complaint, and is disproportional to the needs of the case. In addition, IC objects to this Request, due to the current COVID-19 Pandemic, access to the property is limited to only essential employees within the capacity required by applicable city and state regulations, and any visitors would disrupt the normal business operations of IC.**

Dated: December 7, 2020                          Respectfully Submitted,

Johner T. Wilson III
Jessica Chang
Dinsmore & Shohl LLP
222 West Adams Street, Suite 3400
Chicago, Illinois 60606
T: 312.372.6060
JT.Wilson@dinsmore.com
Jessica.Chang@dinsmore.com

*Attorneys for Defendant*
*Illinois Central Railroad Company*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document, Defendant Illinois Central Railroad

Company's Response to Plaintiff's First Set of Document Requests and Requests for Inspection,

was served via email on December 7, 2020 on the following parties:

Susan Pavlow
Law Offices of Susan M. Pavlow
53 W. Jackson Blvd., Ste. 1215
Chicago, IL 60604
(312) 322-0094
smpavlow@mac.com

Jamie S. Franklin
Law Offices of Chicago-Kent
565 W. Adams St., Ste. 600
Chicago, IL 60661
(312) 906-5048
(312) 906-5280 (fax)
jfranklin5@kentlaw.iit.edu

*Attorneys for Plaintiff Juanita Balderas*

Johner T. Wilson III

# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JUANITA BALDERAS, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | Case No. 20-cv-01857 |
| v. ) | |
| ) | Judge Guzman |
| ILLINOIS CENTRAL RAILROAD ) | Magistrate Judge Cole |
| COMPANY, ERICK CHASKO, ) | |
| and MARCOS SALAMANCA, ) | |
| ) | |
| *Defendants.* ) | |

**DEFENDANT ERICK CHASKO'S
ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendant, Erick Chasko ("Mr. Chasko"), by his attorneys, Johner T. Wilson III and Jessica E. Chang of Dinsmore & Shohl LLP, for his Answers to Plaintiff Juanita Balderas's First Set of Interrogatories.

**INTERROGATORIES**

1.    Identify all individuals with whom you have communicated (excluding counsel in the present action) concerning the allegations in the complaint and describe each of those communications.

**ANSWER: Mr. Chasko objects to this Interrogatory as it is overly broad in scope and time, not reasonably calculated to lead to the discovery of admissible evidence, unduly burdensome, and seeks information that is irrelevant to the claims advanced in Plaintiff's Amended Complaint, and disproportional to the needs of the case.  Mr. Chasko also objects to this Interrogatory to the extent that it requests the disclosure of information protected by the attorney-client privilege. Subject to and without waiving these objections, Mr. Chasko has no information to provide in response to this Interrogatory.**

2.   Identify each person who provided answers or otherwise assisted in the preparation of answers to these interrogatories and specify the information they provided.

**ANSWER: Erick Chasko.**

3.   Identify all individuals you intend or expect to use as witnesses (including expert witnesses) at trial and give a summary of their expected testimony.

**ANSWER: Mr. Chasko objects to this request as a premature contention interrogatory. Mr. Chasko has not yet determined which witnesses he will call at trial. Mr. Chasko will seasonably supplement its response to this interrogatory and disclose the identity of each witness to be called at trial in accordance with applicable rules and court order. Subject to and without waiving these objections, Mr. Chasko may call Plaintiff Juanita Balderas, and any of the individuals identified in Mr. Chasko's Initial Disclosures pursuant to Rule 26.**

4.   Identify all positions held while employed at IC. For each position, provide the dates in that position and reason for leaving.

**ANSWER: Mr. Chasko objects to this Interrogatory as it is overly broad in scope and time, not reasonably calculated to lead to the discovery of admissible evidence, unduly burdensome, and seeks information that is irrelevant to the claims advanced in Plaintiff's Amended Complaint, and disproportional to the needs of the case. Subject to and without waiving these objections, Mr. Chasko states the following:**

- **Relief Foreman**
  - **Dates: November 2013 - December 2013**
  - **Reason for leaving position: Offered position as Frontline Supervisor;**
- **Frontline Supervisor**
  - **Dates: January 2014 – November 2019**
  - **Reason for leaving position: Frontline Supervisor positions were eliminated throughout Illinois Central Railroad Company**
- **Electrician**
  - **November 2019 - Present**

5.     Identify all individuals interviewed regarding the incident alleged in paragraph 33 of the Amended Complaint.

**ANSWER: Mr. Chasko objects to the extent this Interrogatory seeks concession that Mr. Chasko had knowledge or was involved in the incident as set forth in Paragraph 33 of Plaintiff's Amended Complaint, which Mr. Chasko vehemently denies. Subject to and without waiving these objection, Mr. Chasko has no information to provide in response to this Interrogatory.**

6.     Identify all individuals interviewed regarding the incident as set forth in paragraphs 36-39 of the Amended Complaint.

**ANSWER: Mr. Chasko objects to the extent this Interrogatory seeks concession that Mr. Chasko had knowledge or was involved in the incident as set forth in Paragraphs 36-39 of Plaintiff's Amended Complaint occurred, which Mr. Chasko vehemently denies. Subject to and without waiving these objection, Mr. Chasko has no information to provide in response to this Interrogatory.**

7.     Identify all conversations, emails, texts, or documents, relating to the investigation of the incidents listed in paragraphs 33-36 of the Amended Complaint.

**ANSWER: Mr. Chasko objects to the extent this Interrogatory seeks concession that Mr. Chasko had knowledge or was involved in the incident as set forth in Paragraphs 36-39 of Plaintiff's Amended Complaint, which Mr. Chasko vehemently denies. Subject to and without waiving these objection, Mr. Chasko has no information to provide in response to this Interrogatory.**

8.     Describe all workplace incidents involving Ms. Balderas or reported by Ms. Balderas. For each incident reported, describe any action taken to investigate the matter.

**ANSWER**: **Mr. Chasko objects to this Interrogatory as it is overly broad in scope and time, not reasonably calculated to lead to the discovery of admissible evidence, unduly burdensome, and seeks information that is irrelevant to the claims advanced in Plaintiff's Amended Complaint, and disproportional to the needs of the case. Subject to and without waiving these objections, Mr. Chasko has no information to provide in response to this Interrogatory.**

9.      Identify all instances of radio traffic in which you heard or participated in derogatory conversation about Ms. Balderas. For each instance, identify the speakers, date, and substance of the conversation.

**ANSWER**: **Mr. Chasko objects to the extent this Interrogatory seeks concession that Mr. Chasko had knowledge or was involved in derogatory conversations regarding Plaintiff, which Mr. Chasko vehemently denies. Subject to and without waiving these objection, Mr. Chasko has no information to provide in response to this Interrogatory.**

10.      Identify all conversations regarding Juanita Balderas. For each conversation, name the individuals involved in the conversation, date of the conversation, and substance of the conversation.

**ANSWER: Mr. Chasko objects to this Interrogatory as it is overly broad in scope and time, not reasonably calculated to lead to the discovery of admissible evidence, unduly burdensome, and seeks information that is irrelevant to the claims advanced in Plaintiff's Amended Complaint, and disproportional to the needs of the case. Subject to and without waiving these objections, as Plaintiff's supervisor, Mr. Chasko had numerous conversations with Plaintiff regarding her duties and responsibilities during their tenure together.**

11.      Identify all documentation, including but not limited to, emails, texts, correspondence, regarding Juanita Balderas or referring to her.

**ANSWER: Mr. Chasko objects to this Interrogatory as it is overly broad in scope and time, not reasonably calculated to lead to the discovery of admissible evidence, unduly burdensome, and seeks information that is irrelevant to the claims advanced in Plaintiff's Amended Complaint, and disproportional to the needs of the case. Subject to and without waiving these objections, as Mr. Chasko has no information to provide in response to this Interrogatory.**

12.     Identify whether you have been discharged from any positions. If so, identify the basis for termination, date of termination, and name of employer.

**ANSWER: Mr. Chasko objects to this Interrogatory as it is overly broad in scope and time, not reasonably calculated to lead to the discovery of admissible evidence, unduly burdensome, and seeks information that is irrelevant to the claims advanced in Plaintiff's Amended Complaint, and disproportional to the needs of the case. Subject to and without waiving these objections, as Mr. Chasko has no information to provide in response to this Interrogatory.**

13.     Identify whether you have received any warning, reprimand, or discipline of any type in any prior or current employment. For each incident, identify circumstances of the measure, date imposed, and name of employer.

**ANSWER: Mr. Chasko objects to this Interrogatory as it is overly broad in scope and time, not reasonably calculated to lead to the discovery of admissible evidence, unduly burdensome, and seeks information that is irrelevant to the claims advanced in Plaintiff's Amended Complaint, and disproportional to the needs of the case. Subject to and without waiving these objections, as Mr. Chasko has no information to provide in response to this Interrogatory.**


14.     Identify any prior arrests or criminal cases. For each arrest, identify the charge, date of arrest, arresting agency, and description of the case.

**ANSWER**: Mr. Chasko objects to this Interrogatory as it is overly broad in scope and time, not reasonably calculated to lead to the discovery of admissible evidence, unduly burdensome, and seeks information that is irrelevant to the claims advanced in Plaintiff's Amended Complaint, and disproportional to the needs of the case. Subject to and without waiving these objections, as Mr. Chasko has no information to provide in response to this Interrogatory.

15.     Identify whether you have been a party to any prior lawsuit. For each lawsuit, identify the case name, location of lawsuit, case number, and description of the case.

**ANSWER**: Mr. Chasko objects to this Interrogatory as it is overly broad in scope and time, not reasonably calculated to lead to the discovery of admissible evidence, unduly burdensome, and seeks information that is irrelevant to the claims advanced in Plaintiff's Amended Complaint, and disproportional to the needs of the case. Subject to and without waiving these objections, as Mr. Chasko has no information to provide in response to this Interrogatory.

Dated: December 10, 2020                   Respectfully Submitted,

Johner T. Wilson III
Jessica Chang
Dinsmore & Shohl LLP
222 West Adams Street, Suite 3400
Chicago, Illinois 60606
T: 312.372.6060
JT.Wilson@dinsmore.com
Jessica.Chang@dinsmore.com

*Attorneys for Defendant Erick Chasko*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document, Defendant Erick Chasko's Response to

Plaintiff's First Set of Interrogatories, was served via email on December 10, 2020 on the following

parties:

Susan Pavlow
Law Offices of Susan M. Pavlow
53 W. Jackson Blvd., Ste. 1215
Chicago, IL 60604
(312) 322-0094
smpavlow@mac.com

Jamie S. Franklin
Law Offices of Chicago-Kent
565 W. Adams St., Ste. 600
Chicago, IL 60661
(312) 906-5048
(312) 906-5280 (fax)
jfranklin5@kentlaw.iit.edu

Johner T. Wilson III

# EXHIBIT E

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JUANITA BALDERAS, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) Case No. 20-cv-01857 |
| v. | ) |
| | ) Judge Guzman |
| ILLINOIS CENTRAL RAILROAD | ) Magistrate Judge Cole |
| COMPANY, ERICK CHASKO, | ) |
| and MARCOS SALAMANCA, | ) |
| | ) |
| *Defendants.* | ) |

**DEFENDANT MARCOS SALAMANCA'S
ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendant, Marcos Salamanca ("Mr. Salamanca"), by his attorneys, Johner T. Wilson III and Jessica E. Chang of Dinsmore & Shohl LLP, for his Answers to Plaintiff Juanita Balderas's First Set of Interrogatories.

**INTERROGATORIES**

1.     Identify all individuals with whom you have communicated (excluding counsel in the present action) concerning the allegations in the complaint and describe each of those communications.

**ANSWER: Mr. Salamanca objects to this Interrogatory as it is overly broad in scope and time, not reasonably calculated to lead to the discovery of admissible evidence, unduly burdensome, and seeks information that is irrelevant to the claims advanced in Plaintiff's Amended Complaint, and disproportional to the needs of the case. Mr. Salamanca also objects to this Interrogatory to the extent that it requests the disclosure of information protected by the attorney-client privilege. Subject to and without waiving these objections, Mr. Salamanca has no information to provide in response to this Interrogatory.**

2. Identify each person who provided answers or otherwise assisted in the preparation of answers to these interrogatories and specify the information they provided.

**ANSWER: Marcos Salamanca.**

3. Identify all individuals you intend or expect to use as witnesses (including expert witnesses) at trial and give a summary of their expected testimony.

**ANSWER: Mr. Salamanca objects to this request as a premature contention interrogatory. Mr. Salamanca has not yet determined which witnesses he will call at trial. Mr. Salamanca will seasonably supplement its response to this interrogatory and disclose the identity of each witness to be called at trial in accordance with applicable rules and court order. Subject to and without waiving these objections, Mr. Salamanca may call Plaintiff Juanita Balderas, and any of the individuals identified in Mr. Salamanca's Initial Disclosures pursuant to Rule 26.**

4. Identify all positions held while employed at IC. For each position, provide the dates in that position and reason for leaving.

**ANSWER: Mr. Salamanca objects to this Interrogatory as it is overly broad in scope and time, not reasonably calculated to lead to the discovery of admissible evidence, unduly burdensome, and seeks information that is irrelevant to the claims advanced in Plaintiff's Amended Complaint, and disproportional to the needs of the case. Subject to and without waiving these objections, Mr. Salamanca states the following: Electrician, October 2014 – Present.**

3

5.      Describe the incident as set forth in paragraph 33 of the Amended Complaint, including but not limited to, any of your actions and words.

**ANSWER: Mr. Salamanca objects to this Interrogatory as it seeks concession that the allegations set forth in Paragraph 33 of Plaintiff's Amended Complaint are true. Mr. Salamanca denies the allegations in Paragraph 33 of Plaintiff's Amended Complaint. Subject to and without waiving these objection, Mr. Salamanca has no information to provide in response to this Interrogatory.**

6.      Identify all individuals who witnessed the incident alleged in paragraph 33 of the Amended Complaint.

**ANSWER: Mr. Salamanca objects to this Interrogatory as it seeks concession that the allegations set forth in Paragraph 33 of Plaintiff's Amended Complaint are true. Mr. Salamanca denies the allegations in Paragraph 33 of Plaintiff's Amended Complaint. Subject to and without waiving these objection, Mr. Salamanca has no information to provide in response to this Interrogatory.**

7.      Describe the incident as set forth in paragraphs 36-39 of the Amended Complaint, including but not limited to, any of your actions and words.

**ANSWER: Mr. Salamanca objects to this Interrogatory as it seeks concession that the allegations set forth in Paragraphs 36-39 of Plaintiff's Amended Complaint are true. Mr. Salamanca denies the allegations in Paragraphs 36-39 of Plaintiff's Amended Complaint. Subject to and without waiving these objection, Mr. Salamanca has no information to provide in response to this Interrogatory.**

8.      Identify all individuals who witnessed the incident alleged in paragraph 36-39 of the Amended Complaint.

**ANSWER: Mr. Salamanca objects to this Interrogatory as it seeks concession that the allegations set forth in Paragraphs 36-39 of Plaintiff's Amended Complaint are true. Mr. Salamanca denies the allegations in Paragraphs 36-39 of Plaintiff's Amended Complaint. Subject to and without waiving these objection, Mr. Salamanca has no information to provide in response to this Interrogatory.**

9.    Identify all individuals with whom you have discussed the incidents in paragraphs 33-39 of the Amended Complaint, including but not limited to, agents or individuals of IC. For each conversation, identify the persons, date, and substance of the conversation.

**ANSWER: Mr. Salamanca objects to this Interrogatory as it seeks concession that the allegations set forth in Paragraphs 33-39 of Plaintiff's Amended Complaint are true. Mr. Salamanca denies the allegations in Paragraphs 33-39 of Plaintiff's Amended Complaint. Subject to and without waiving these objection, Mr. Salamanca states:**

- **Manuel Salazar, Senior Manager Mechanical-Locomotive, on or around October 14, 2018, told Mr. Salamanca that he will be placed on paid leave of absence while IC conducted investigations of the alleged incidents reported by Plaintiff.**

- **Randy Hilliard, General Foreman, on or around October 13, 2018, who told Mr. Salamanca to write a statement regarding the allegations by Plaintiff against Mr. Salamanca.**

10.    Identify whether you made the statements set forth in paragraph 36 of the Amended Complaint, including the circumstances and witnesses to the statement.

**ANSWER: Mr. Salamanca objects to this Interrogatory as it seeks concession that the allegations set forth in Paragraph 36 of Plaintiff's Amended Complaint are true. Mr. Salamanca denies the allegations in Paragraphs 36 of Plaintiff's Amended Complaint.**

4

**Subject to and without waiving these objection, Mr. Salamanca has no information to provide in response to this Interrogatory.**

11.    Identify all conversations regarding Juanita Balderas. For each conversation, name the individuals involved in the conversation, date of the conversation, and substance of the conversation.

**ANSWER: Mr. Salamanca objects to this Interrogatory as it is overly broad in scope and time, not reasonably calculated to lead to the discovery of admissible evidence, unduly burdensome, and seeks information that is irrelevant to the claims advanced in Plaintiff's Amended Complaint, and disproportional to the needs of the case.  Subject to and without waiving these objections, as Mr. Salamanca's supervisor, Plaintiff and Mr. Salamanca had numerous conversations regarding Mr. Salamanca's duties and responsibilities daily during their tenure together.**

12.    Identify all documentation, including but not limited to, emails, texts, correspondence, regarding Juanita Balderas or referring to her.

**ANSWER: Mr. Salamanca objects to this Interrogatory as it is overly broad in scope and time, not reasonably calculated to lead to the discovery of admissible evidence, unduly burdensome, and seeks information that is irrelevant to the claims advanced in Plaintiff's Amended Complaint, and disproportional to the needs of the case.  Subject to and without waiving these objections, as Mr. Salamanca has no information to provide in response to this Interrogatory.**

13.    Identify whether you have been discharged from any positions. If so, identify the basis for termination, date of termination, and name of employer.

**ANSWER: Mr. Salamanca objects to this Interrogatory as it is overly broad in scope and time, not reasonably calculated to lead to the discovery of admissible evidence, unduly burdensome, and seeks information that is irrelevant to the claims advanced in Plaintiff's Amended Complaint, and disproportional to the needs of the case. Subject to and without waiving these objections, as Mr. Salamanca has no information to provide in response to this Interrogatory.**

15.     Identify whether you have received any warning, reprimand, or discipline of any type in any prior or current employment. For each incident, identify circumstances of the measure, date imposed, and name of employer.

**ANSWER: Mr. Salamanca objects to this Interrogatory as it is overly broad in scope and time, not reasonably calculated to lead to the discovery of admissible evidence, unduly burdensome, and seeks information that is irrelevant to the claims advanced in Plaintiff's Amended Complaint, and disproportional to the needs of the case. Subject to and without waiving these objections, as Mr. Salamanca has no information to provide in response to this Interrogatory.**

16.     Identify any prior arrests or criminal cases. For each arrest, identify the charge, date of arrest, arresting agency, and description of the case.

**ANSWER: Mr. Salamanca objects to this Interrogatory as it is overly broad in scope and time, not reasonably calculated to lead to the discovery of admissible evidence, unduly burdensome, and seeks information that is irrelevant to the claims advanced in Plaintiff's Amended Complaint, and disproportional to the needs of the case. Subject to and without waiving these objections, as Mr. Salamanca has no information to provide in response to this Interrogatory.**

17.     Identify whether you have been a party to any prior lawsuit. For each lawsuit,

identify the case name, location of lawsuit, case number, and description of the case.

**ANSWER: Mr. Salamanca objects to this Interrogatory as it is overly broad in scope and time, not reasonably calculated to lead to the discovery of admissible evidence, unduly burdensome, and seeks information that is irrelevant to the claims advanced in Plaintiff's Amended Complaint, and disproportional to the needs of the case. Subject to and without waiving these objections, as Mr. Salamanca has no information to provide in response to this Interrogatory.**

Dated: December 10, 2020                          Respectfully Submitted,

Johner T. Wilson III
Jessica Chang
Dinsmore & Shohl LLP
222 West Adams Street, Suite 3400
Chicago, Illinois 60606
T: 312.372.6060
JT.Wilson@dinsmore.com
Jessica.Chang@dinsmore.com

*Attorneys for Defendant Marcos Salamanca*

7

## <u>CERTIFICATE OF SERVICE</u>

  The undersigned certifies that the foregoing document, Defendant Marco Salamanca's

Response to Plaintiff's First Set of Interrogatories, was served via email on December 10, 2020 on

the following parties:

Susan Pavlow
Law Offices of Susan M. Pavlow
53 W. Jackson Blvd., Ste. 1215
Chicago, IL 60604
(312) 322-0094
smpavlow@mac.com

Jamie S. Franklin
Law Offices of Chicago-Kent
565 W. Adams St., Ste. 600
Chicago, IL 60661
(312) 906-5048
(312) 906-5280 (fax)
jfranklin5@kentlaw.iit.edu


             Johner T. Wilson III