IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JUANITA BALDERAS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 20 C 1857 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| ILLINOIS CENTRAL RR CO., *et al*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

**INTRODUCTION**

This is another in a surprising and ever-growing number of discovery disputes in which counsel not only have opposing views on what should have been produced, but also on what even exists. In this case, discovery requests were made by the plaintiff, with responses from the defendants that, according to the plaintiff, were some two months late. At that point, it became a question of defendants claiming they produced all that was properly requested and that there was nothing else to produce. The plaintiff did not accept certain of the defendants' objections or its claims that nothing else existed. The plaintiff filed a Motion to Compel Defendants to Comply with their claimed discovery obligations. [Dkt. #47]. The motion is granted in part and denied in part.

**A.**

Generally, a party takes the word of the opponent that there has been compliance with discovery obligations as they relate to the existence of properly requested documents. Yet, from time to time courts supervising discovery are confronted by the claim that the production made is so scanty that "there must be more" that has not been produced or that relevant documents have been

destroyed. But insistence that there must be more is not enough. Here, as always, merely "saying so doesn't make it so." *United States v. 5443 Suffield Terrace, Skokie, Ill.,* 607 F.3d 504, 510 (7th Cir.2010). *See also Donald J. Trump for President, Inc. v. Pennsylvania*, 830 F. Appx 377, 381 (3d Cir. 2020); *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 770 (7th Cir. 2020); *Madlock v. WEC Energy Group, Inc.*, 885 F.3d 465, 473 (7th Cir. 2018); *Hubbard v. Potter*, 247 F.R.D. 27, 29 (D.D.C. 2008). And "speculation can[not] be employed as a substitute for proof." *United States v. Landry*, 257 F.2d 425, 431 (7th Cir. 1958). *Accord In re Cohen*, 507 F.3d 610, 614 (7th Cir. 2007); *Louth v. McCollum*, 424 F.3d 631, 634 (7th Cir. 2005); *Bos. v. Club Corp USA, Inc.*, 2019 WL 1873293, at *8 (C.D. Cal. 2019); *Kendle v. Whig Enterprises, LLC*, 2016 WL 898569, at *4 (S.D. Ohio 2016).

So too in a discovery context. Courts will not accept mere suspicion or speculation that "there must be more." Hunches don't count. *Harris v. Koenig*, 271 F.R.D. 356, 370 (D.D.C. 2010); *Steffan v. Cook County Sheriff,* 2020 WL 7353411, at *1 (N.D. Ill. 2020). If the rule were otherwise, discovery – long and tedious as it often is – would never end. Thus, courts require that the moving party make out a case for further discovery by showing that it can reasonably be deduced that other documents exist, or may have at the time of receipt of the document request. A court cannot compel plaintiff to produce that which does not exist.

Ideally, most discovery disputes are resolved within the confines of Local Rule 37.2. But unfortunately, here, there are disputes as to whether there were even proper "meet and confers," and there has been disagreement on what has been requested, or produced, or what might exist. The resolution of discovery disputes is committed to the court's extremely broad discretion. *Kuttner v. Zaruba*, 819 F.3d 970, 974 (7th Cir. 2016). Since an abuse of discretion occurs when no reasonable

person could take the view of the district court, *U.S. v. Re*, 401 F.3d 828, 832 (7th Cir. 2005), there are no hard and fast rules governing discovery decisions. Indeed, two decision-makers—on virtually identical facts—can arrive at opposite conclusions, both of which can constitute appropriate exercises of discretion. *See McCleskey v. Kemp*, 753 F.2d 877, 891 (11th Cir. 1985), *aff'd, McCleskey v. Kemp*, 481 U.S. 279, 289-290 (1987). *Accord Mejia v. Cook County, Ill.*, 650 F.3d 631, 635 (7th Cir. 2011). *Cf. United States v. Bullion*, 466 F.3d 574, 577 (7th Cir. 2006)(Posner, J.) ("The striking of a balance of uncertainties can rarely be deemed unreasonable...."); *Elliot v. Mission Trust Services, LLC*, 2015 WL 1567901, 4 (N.D. Ill. 2015).

As a result, a party that inflexibly maintains its position could insist that it was "right," but find itself on the losing side when the matter comes before a court. Given a court's vast discretion in overseeing discovery, a court could choose to accept the other side's "right" position while rejecting the contrary position of the opposing counsel. A negotiated outcome between counsel is generally more likely to give both sides a mutually satisfactory resolution. Unfortunately that course is often not followed, and resolution of the dispute must come from the court. Here are the rulings.

### B.

**Interrogatory responses**. Defendant IC claims that it has now provided interrogatory responses to plaintiff. In addition, defendants Chasko and Salamanca have stated they have no additional information and have verified their responses under penalty of perjury. Accordingly, this part of the motion is moot.

**ESI searches**. At this late date, it seems that essentially nothing has been done in regard to ESI searches. Unfortunately, the plaintiff's Motion to Compel does not provide sufficient

3

information on which to make a ruling. The Motion complains that defendants rejected the search terms that were suggested, but does not tell us what those terms were or why they were rejected. We do know that in rejecting the plaintiff's search terms defendants did not provide alternative terms, but have represented that there are no responsive documents. And, despite the parties' representations of compliance with Local Rule 37.2, a compromise as to eleven document requests – Nos. 6, 8, 11, 12, 13, 14, 15, 18, 35, 36, and 40 – have not been reached.

**Document request 6** – seeks complete employee and/or personnel files for the individual defendants, Erick Chasko and Marcos Salamanca, and for similarly-situated or managerial employees, Jake Bruns, Dave Cook, Chris Davis, Andrew Fronce, Aaron Graziano, Chuck Hanks, Todd Hunt, Milton Patterson, Manny Salazar, Eli Soto, Rick Vallejo, and Don Stojakovich. Defendants have objected and have raised ineffectual, "boilerplate" objections, such as unduly burdensome, irrelevant, etc. But, boilerplate objections are tantamount to making no objection at all. *See* authorities and discussion in *Kelly v. Board of Ed.,* 2012 WL 1108135, 2-3 (N.D.Ill. 2012). Accordingly, they are overruled, and the documents sought will be provided within 14 days.

This is targeted discovery. *Cf. Balderston v. Fairbanks Morse Engine Div. of Coltec Indus*., 328 F.3d 309, 320 (7th Cir. 2003). Records of similarly situated and managerial employees are relevant. *See McCowan v. Educ. Servs. of Am.*, No. 1:08-CV-55, 2009 WL 3055313, at *4 (N.D. Ind. Sept. 21, 2009); *Spina v. Forest Preserve of Cook County*, 2001 WL 1491524, *3 (N.D.Ill.2001); *EEOC v. Staffing Network*, 2002 WL 31473840, *5 (N.D.Ill.2002) ("privacy concerns notwithstanding, personnel files may be discoverable under certain circumstances."); *Wright v. Hollywood Casinos*, 2002 WL 989457, *2 (N.D.Ill.2002); *Chavez v. DaimlerChrysler Corp.*, 206 F.R.D. 615, 622 (S.D.Ind.2002). Privacy concerns are addressed in the Protective Order,

and redactions of information such as Social Security numbers may, of course, be made. The request involves standard discovery and the responsive materials ought to have been produced two months ago. They are to be produced within fourteen days.

**Document request 8** – job descriptions. Defendants again have made "boilerplate" objections, which, accordingly, are overruled. *See* Document Request 6, *supra.* The request targets just 4 jobs. How a specific response can be claimed here to be "unduly burdensome" is never explained, and the rote objection underscores how little care and required attention was given to many of these requests. It bears repeating that mere invocation of the phrase, "unduly burdensome," without more, is meaningless. Here, as throughout the law, "saying so doesn't make it so." *See supra* at 2. The job descriptions are clearly relevant, and defendants are ordered to produce them within fourteen days.

**Document request 11** – names, email addresses, and phone numbers of the employees who were in the same Hostler training class as Ms. Balderas. Defendants claim that they have no documents responsive to this request. That seems unlikely. Moreover, the defendants' claim comes in amended responses provided after plaintiff filed a motion to compel and about two months after their responses were originally due. Defendants are ordered to conduct a more thorough search and, if they are still unable to locate this information regarding *their* employees in one of *their* training classes, they are ordered to provide in writing the details of its search within fourteen days of this Order.

**Document request 12** – names, phone numbers, email addresses, job title, and shifts of the employees that worked at IC's Kirk yard in Gary, Indiana from February 2018 through December 2019. Defendant raises "boilerplate" objections, which are no objections at all. Any privacy

concerns defendant might legitimately hold are covered and protected by the Confidentiality Agreement. Plaintiff is entitled to discovery of the identities of similarly situated individuals. The motion is granted as to this request.

**Document Request 13** – seeks names and starting dates of the employees currently working as Relief Foremen. The motion is granted for the same reason as in Document request 12.

**Document Request 14** seeks all communications including, without limitation, e-mails, hard copy documents, voicemails, instant messages in any format, and text messages between Ms. Balderas and: Erick Chasko, Angela Lee, Janet Washington, Manny Salazar, Aaron France, Marcos Salamanca, Duane Spears, Chris Davis that refer or relate in any way to the allegations in Ms. Balderas' complaint. Defendants have affirmed that they have produced all documents responsive to this request, and that nearly all communication was conducted in person or by phone. In addition, the plaintiff has access to these communications and appropriate depositions may well involve the accuracy of these representations. That, of course, is a matter for counsel to decide.

**Document Request 15** seeks all communications including, without limitation, e-mails, hard copy documents, voicemails, instant messages in any format, and text messages between Erick Chasko and Chris Davis that relate or refer in any way to Ms. Balderas or the allegations in her Complaint. Originally, aside from ineffectual, "boilerplate" objections, defendants complained that "disclosure . . . would require proper authorization from each individual." But, there are only two individuals, and *both are defendants*. The objection is not well founded. Finally, defendants now – again, two months after responses were originally due – claim they have no documents responsive to the request. As the story appears to have changed over the course of several weeks, defendants are ordered to conduct an additional, thorough search for the requested information.

It cannot be denied that in the world in which we live emails of a party's employees may be the most compelling form of evidence. The value of emails and texts messages can be particularly significant in litigation due to the fact that the ease of sending or replying to such messages can cause people to say things they might not otherwise say in traditional correspondence. Indeed, they are often replete with unrehearsed, spontaneous statements that surpass in simplicity and frankness and ease of understanding other far more complicated bits of evidence. *See* Michael B. Bittner, *Electronic Discovery: Understanding the Framework of Florida E-Discovery Law*, Trial Advoc. Q., Spring 2016, at 22; Lawrence D. Rosenberg, *Lawyers' Poker: Using the Lessons of Poker to Win Litigation*, 54 The Advocate (Texas) 10, 12 (2011). Simply stated, "[e]lectronic communications have the potential to ... provide the proverbial 'smoking gun.' " William A. Herbert, *The Electronic Workplace: To Live Outside the Law You Must Be Honest*, 12 Emp. Rts. & Emp. Pol'y J. 49, 5152 (2008). *See generally BankDirect Capital Finance, LLC v. Capital Premium Financing, Inc.*, 2018 WL 1616725, *11 (N.D.Ill. 2018). The defendants shall conduct a thorough search and provide plaintiff with the details thereof within fourteen days of this Opinion.

**Document Request 18** seeks all documents and communications relating to any complaint, issue or concern raised by any person other than Ms. Balderas with IC. Defendant again, tardily, claims it has no responsive documents. As with Document Request 15, defendant is ordered to conduct a thorough search and provide plaintiff with the details thereof in writing within fourteen days.

**Document Request 35** seeks all documents and communications that evidence any accommodation made by IC on account of disability for the following individuals: Don Stojakovich, Jake Bruns, and Molly Tobias. Defendant claims there are no such documents. Nonetheless, it is

ordered to conduct a thorough search and provide in writing to the plaintiff the details of the search within fourteen days.

**Document Request 36** seeks all documents and communications that evidence any accommodations made by IC on account of disability for any individual from 2017 to the present. As defendant has essentially provided this information in its response to Plaintiff's Interrogatory Request No. 12 regarding details of individuals who requested accommodations since 2015, this part of the motion is moot.

**Document Request 40** seeks all documents sufficient to describe IC's record retention policy with respect to surveillance videos, radio transmissions, emails, hard copy documents, text messages, instant messages, voicemails, and any other types of documents. Defendant claims there are no such documents because it "does not record radio transmissions by employees' shops." But that does not address emails, video surveillance, voicemails, etc. [Dkt. #50, at 9]. Defendant is ordered to conduct a thorough search and provide in writing plaintiff with the details thereof within fourteen days. *See* Request 8.

## CONCLUSION

While compliance with Local Rule 37 is a necessary precursor to the filing of any discovery motion, parties should not overlook the benefits offered by genuine and flexible participation in the process established by the Rule. *See Hangzhou Aoshuang e-Commerce Co., Ltd. v. 008 Fashion*, 336 F.R.D. 154, 156 (N.D.Ill. 2020).

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 1/8/21